THE OTTO GERDAU COMPANY, Respondent, *v.* FRED S. RADWAY, Appellant.

First Department, December 2, 1927.

**Bankruptcy — discharge — discharge in bankruptcy as defense — complaint alleges purchase of property by defendant and agreement to pay therefor with letter of credit given by defendant's purchaser on resale — complaint alleges that defendant fraudulently induced plaintiff to cancel agreement and substitute   trade acceptance — no property was obtained from plaintiff by alleged fraud — discharge in bankruptcy discharged debt under Bankruptcy Act, § 17.**

The complaint in this action alleged that the plaintiff sold certain property to the defendant and that the defendant agreed that he would pay for the goods from the proceeds of a letter of credit established by the purchaser from the defendant on a resale.  The plaintiff further alleges that through false representations and fraud the defendant induced the plaintiff to cancel that agreement and to substitute a trade acceptance in payment for the property.  A defense that the defendant has been discharged in bankruptcy and that under section 17 of the Bankruptcy Act the claim on which the plaintiff sues is discharged, is a good and sufficient defense.  The contention by the plaintiff that the claim is not discharged since it is one founded upon fraud cannot be sustained, for even though the plaintiff was induced by fraudulent representations to substitute the trade acceptance for the letter of credit, the plaintiff was not deprived of any property by the fraud, for plaintiff's property passed to the defendant before the alleged misrepresentations were made.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of February, 1927.

*Elias Bernstein* of counsel [*William A. Smith* with him on the brief], for the appellant.

*A. F. von Bernuth* of counsel [*Hines, Rearick, Dorr, Travis & Marshall*, attorneys], for the respondent.

FINCH, J.   Whether a discharge in bankruptcy is a defense to a complaint alleging misrepresentation and fraud, is the question of law presented upon this appeal.   The plaintiff moved at Special Term to strike out of the answer this separate defense as insufficient in law upon the face of the pleadings.   The complaint sets out two causes of action, but we are concerned only with the first, which alleges a cause of action in fraud.

The facts, in so far as necessary to indicate the reasons for the decision herein, briefly are as follows: The plaintiff sold to the defendant a shipment of canary seed for an agreed price.   The defendant thereafter sold this shipment of canary seed upon a letter of credit opened by the purchaser in favor of the defendant.   The

plaintiff knew of this resale and turned over the shipping documents to the defendant upon the agreement of the defendant that he would pay the plaintiff from the proceeds of the letter of credit. Thereafter the defendant received the proceeds of the letter of credit but the defendant, wishing to obtain more time to pay his debt to the plaintiff, falsely represented to the plaintiff that this letter of credit had not been collected and that the bank with which it had been opened might raise questions with reference to the shipping documents and other matters and, in view of these facts, requested the plaintiff, in place of the existing agreement to pay from the proceeds of the letter of credit, to accept the ninety-day trade acceptance of the defendant for the purchase price. The complaint then goes on to allege that the defendant when he falsely represented that the letter of credit had not been collected, thereby inducing the plaintiff to accept the ninety-day trade acceptance, knew that he was insolvent and unable to pay the trade acceptance at maturity and that he was unable to pay for the shipment of canary seed except from the proceeds of the letter of credit; that no part of the trade acceptance has been paid, except a small sum, and that by reason of the foregoing facts the plaintiff has been damaged in the amount set forth. In addition to the denials in the defendant's answer, the latter pleads as a separate defense his discharge in bankruptcy. This separate defense the plaintiff by this motion in advance of the trial seeks to have the court dispose of as insufficient. The court at Special Term held the separate defense of discharge in bankruptcy insufficient and from that order this appeal is taken. .

The plaintiff clearly had a debt provable in bankruptcy for the price of the canary seed. The Bankruptcy Act provides that all provable debts are dischargeable, except claims founded upon such frauds as are expressly excepted by the words of the Bankruptcy Act from being dischargeable. (Bankruptcy Act [30 U. S. Stat. at Large, 550], § 17, as amd. by 42 id. 354, chap. 22; now U. S. Code, tit. 11, § 35.) Section 17 provides in part as follows:

" A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as ＊ ＊ ＊

" (second) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or ＊ ＊ ＊

" (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity ＊ ＊ ＊."

A reading of this section in so far as applicable shows that it

comprises only such frauds as result in obtaining property by false pretenses or false representations. In other words, the principle laid down by the Bankruptcy Act as a measure of the facts presented in each case, is whether the fraud is of such a nature as enabled the defendant to obtain the property and enrich his estate by means of the property thus fraudulently obtained and then keep the property and plead a discharge in bankruptcy as a defense to a plaintiff seeking to follow the property thus obtained from it by fraud. The authorities holding that this is the rule follow. In Remington on Bankruptcy (Vol. 7, § 3538, p. 521) it says: " Not all classes of fraud come under this section (although certain other frauds are excepted by a later provision, if committed as an officer or in a fiduciary capacity) but only such frauds as are embraced within the term ' obtaining property by false pretenses or false representations.' "

No case in the State courts of New York has been called to our attention and in the time available we have found none, but in the Federal courts and in other States this rule seems well settled. In *Rudstrom* v. *Sheridan* (122 Minn. 262) the court said: " In order therefore to bring the statute into operation, and prevent the full discharge of the bankrupt, it should be made to appear that property of some kind, tangible or intangible, was thus obtained by him. The mere fact that the liability arose in consequence of his fraud is not alone sufficient; the fraud must be followed and result in a loss of property to the creditor." In *Matter of Dunfee* (206 Fed. 745) the court says: " for ' obtaining property by false pretenses or false representations ' within the meaning of said law." The rule, as stated above, necessarily implies that the fraud which is not dischargeable involves an affirmative intention to defraud and not a fraud implied in law. In *Matter of Benedict* (8 Am. Bank. Rep. 463) it was held: " The theory of the above decisions is that, although conversion may be an implied fraud, yet the term ' fraud,' as used in the Bankrupt Law, means a positive fraud, a fraud in fact, which is the gravamen of the action, and not implied fraud, or fraud in law; and that the term ' fiduciary capacity,' as used by the statute, refers to technical trusts and not those which the law implies from contract."

Applying the above rule then to the facts in the case at bar, we find that the defendant obtained the canary seed from the plaintiff upon an agreement to pay the purchase price from the letter of credit furnished by the purchaser. This transaction whereby the canary seed was obtained by the defendant was complete in itself and there is no allegation of fraud in connection therewith. Thereafter, by false representations, the defendant

persuaded the plaintiff to cancel the aforesaid agreement to pay from the letter of credit, and to substitute the ninety-day trade acceptance. But this latter agreement did not bring any property into the possession of the defendant. The defendant already had the canary seed lawfully in his possession. The complaint thus fails to allege that the defendant obtained the possession of property from the plaintiff by fraud. Hence the obligation is dischargeable in bankruptcy as not within the exception of the Bankruptcy Act, namely, a fraud, the result of which is the obtaining of property by false pretenses or false representations. In *Landgraf* v. *Griffith* (41 Ind. App. 372; 83 N. E. 1021) the court said: " We are of the opinion that the facts set out in the complaint are not such as are contemplated by the statute. The fraud should relate to the obtaining, at the creation of the debt, of the money or property by false or fraudulent representations, the original relation between the parties being a contractual one. It ' must exist in the creation of the debt, as subsequent fraudulent conduct is insufficient.' Brandenburg, Bankruptcy [3d ed.], § 435. ' If the original debt arose in contract and the fraud was but an incident of the debt and not its creative power, the debt is merged in the judgment and the bankrupt released thereafter.' Brandenburg, Bankruptcy [3d ed.], § 435. See, also, Collier, Bankruptcy [5th ed.], p. 478.".

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike out the defense denied, with ten dollars costs.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.