## In re BLAKESLEY.
### No. 15119.

District Court, W. D. Missouri.
May 2, 1939.

John L. Porter, of St. Louis, Mo., for bankrupt.

L. W. Krings and J. H. Snyder, both of Kansas City, Mo., for Personal Finance Co. of Missouri.

REEVES, District Judge.

This matter was referred to a special master on the question of a rehearing. Heretofore the court granted a stay order against a proceeding in a state court to recover a judgment on a note duly scheduled in the bankruptcy proceeding. It was the contention of the creditor that such a note represented a debt for property obtained "by false pretenses or false representations" and therefore it was not dischargeable under Section 35, Title 11 U.S. C., 11 U.S.C.A. § 35. This section provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * [second] are liabilities for obtaining * * property by false pretenses or false representations."

It is claimed by the creditor that the bankrupt obtained a loan from it by false pretenses and false representations as to the amount of his indebtedness at the time the loan was obtained. The court was of the opinion upon the hearing that since the debt was scheduled in the bankruptcy court the state court had no right to try the question.

Attention was then called to the decision in Family Small Loan Co. v. Mason, 4 Cir., 67 F.2d 207. There was no dispute as to the facts in that case, and upon the stipulation of the parties the court found that the debt was not dischargeable in bankruptcy and declined to stay proceedings. There was no such stipulation in this case.

The special master, when appointed, was clothed with power to take testimony and to report his findings of fact and also

to state his conclusions of law. This has been done and counsel for the creditor has moved to strike out the report of the special master.

The New Rules of Civil Procedure in the Federal Court provide for the appointment of special masters, and by paragraph (2) of subdivision (e) of Rule 53, 28 U.S.C.A. following section 723c, objections may be made in writing "within 10 days after being served with notice of the filing of the report." The motion to strike in this case will be considered as "written objections" to the report.

The special master found as a fact that the creditor sold an automobile to the bankrupt, and after its delivery, and after having secured a note therefor by a chattel mortgage thereon, the creditor then obtained a financial statement from the bankrupt. The special master further found that the bankrupt not only made a statement of his then indebtedness in good faith, but that it was substantially correct at the time made. The evidence as reported by the special master supports these findings of fact.

■ 1. The law is such that the discharge of the debt is not prevented by fraudulent representations made after the goods were purchased and delivered. Otto Gerdau Co. v. Radway, 222 App.Div. 107, 225 N.Y. S. 284, 285.

■ 2. It is also the rule that the false representations and false pretenses must have been knowingly made and must involve moral turpitude. There must have been an intentional wrong. Collier ·on Bankruptcy, Thirteenth Edition, pp. 613, 615, paragraph 39, relating to the subject of non-dischargeable debts. Friend v. Talcott, 228 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718; Forsyth v. Vehmeyer, 177 U.S. 177, 20 S.Ct. 623, 44 L.Ed. 723.

■ 3. There is a difference between Section 32, Title 11 U.S.C., 11 U.S.C.A. § 32, relating to the general subject of discharges of bankrupts and Section 35 following which relates to the subject of "discharging debts."

The special master in writing his report referred to Section 32, which apparently is more stringent upon the bankrupt than Section 35 which relates to the matter of discharging the debt only.

Careful examination of the report of the special master and the briefs of the parties shows that the report of the special master should be adopted. It will be so ordered.