GLADNEY, Judge.
This suit was brought for the collection of indebtedness due on a promissory note secured by chattel mortgage and is defended on the ground the defendant was adjudicated a bankrupt on June 24, 1963. Respondent further urges all proceedings in this matter be stayed and deferred to the bankruptcy proceedings. Following trial the court dismissed plaintiff’s demands, whereupon the latter has appealed to this court.
The plaintiff, a small loan company, accepted on April 22, 1963, the promissory note executed by the defendant and his wife. In connection with the transaction Claude Allen and his wife signed and submitted a financial statement which listed debts of $1,890.65 and assets consisting of a 1958 model Lincoln automobile appraised at $2,600.00 and household goods valued at $1,500.00. The company form so used expressly declared that it was for the purpose of obtaining a loan or extension of credit and must be correctly filled out in the handwriting of the applicant. It carried the printed words “Be certain to include all debts”. In the handwriting of defendant’s wife, who was identified as having executed the statement, are the words “We have no other debts”. At the time the loan was rewritten there was a balance on the old' loan of $344.80 and the amount of the new indebtedness was $504.00. The record is not clear as to whether or not the debtor received additional monies or if such difference was financing charges. The schedule of indebtedness filed on behalf of the defendant and his wife in the bankruptcy proceedings disclosed secured debts amounting to $12,272.13 and unsecured obligations amounting to $1,792.08.
Richard A. Schmidling, plaintiffs representative who handled the loan with defendant, testified that in making the loan he relied on the truthfulness and verity of defendant’s representations, except for which the loan would not have been granted. The position of plaintiff is that defendant’s representations were knowingly false and untrue and were made by him for the purpose of deceiving and defrauding plaintiff. It invokes the exception provided in § 17 of the Bankruptcy Act (11 U.S.C.A. § 35) to the effect that a discharge does not have the effect of releasing a bankrupt’s liabilities for obtaining money or property by false pretenses or false representations. It was properly argued by defendant’s counsel that in order to exempt a particular debt from a general discharge in bankruptcy the creditor bears the burden of proving that the debtor made false representations in obtaining the loan, and that credit was given or extended in reliance on such false representations.
It is contended by counsel for appellee that at the time the loan in question was made, defendant was not a stranger applying for an original loan as the loan applied for on April 22 was in fact a renewal. At that time Allen was two payments behind and appellant was desirous of having defendant and his wife come in and rewrite the old loan. In rendering judgment favorable to the debtor the trial court found that:
“For several years defendant had been a satisfactory customer of plaintiff. Plaintiff knew or was in position to know the financial status and the practices of the defendant. Plaintiff had instituted investigation before approving the loan but acted on his experience and past record of the defendant with his company and the filing of the financial statement was incidental to the approval of the loan.”
“Plaintiff has failed to make out a case.”
It is recognized in our jurisprudence that before § 17 of the Bankruptcy *22 Act may have application it is incumbent on the plaintiff to show:
" (1) That defendant made false representations; (2) that such representations were made with the intention of defrauding plaintiff; and (3) that the plaintiff relied upon and was misled by the false pretenses or representations. De Latour v. Lala, 15 La.App. 276, 131 So. 211.” (1930)
In some cases the courts have determined the lender placed no reliance on the incomplete financial statement of the debtor and in other cases contrary decisions were reached. The particular facts of each case governed the court’s ruling. Excel Finance Mid City, Inc. v. Chetta, La.App., 160 So.2d 304 (4th Cir.1964); C H F Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); Excel Finance Mid City, Inc. v. Meilleur, La.App., 137 So.2d 503 (4th Cir.1962); Excel Finance Baronne, Inc. v. Abadie, La.App., 152 So.2d 822. The Supreme Court in C H F Finance Company v. Jochum pointed out that certain authorities referred to related to specific situations and do not set forth a hard and fast rule which applies to the facts of every claim against a bankrupt for obtaining money or property on credit through false representations or false premises as to his financial condition at the time the money or property is obtained.
Whether the loan company did in fact rely upon the financial statements of its debtor is a question of fact. In the instant case the preponderance of the evidence is with the creditor. The debtor’s own testimony reveals he had knowledge of certain debts that were not listed by his wife and had the opportunity to make this fact known to the company without so doing. Upon cross examination he stated that save for an item of $50.00 all other debts listed in his bankruptcy schedule were in existence at the time the loan was negotiated. He testified he could not recall whether or not he signed the loan application after its completion by his wife, but admitted he had business with Mr. Schmidling who was not in Shreveport on any occasion prior to the loan in question. The testimony of Allen and of his wife as reflected in the record appears evasive and is insufficient to refute the positive declarations of Schmidling that the statement made for the purpose of securing the loan was fully completed with information furnished by Allen and his wife, written in by Mrs. Allen and then signed by both of them. After studying the-record we are of the opinion and so find the-defendant made false representations with the intention of defrauding his creditor and' that the latter relied upon and was misled by the misrepresentations.
We are in disagreement with the holding of the trial court and accordingly the judgment from which appealed is reversed and rendered to read:
It is therefore ordered that there be judgment in favor of General Finance Loan Company of Downtown Shreveport, and against the defendant Claude Allen aka Claude E. Allen, in the sum of $504.00 together with interest thereon at the rate of 8% per annum from April 22, 1963, until paid, and a sum equal to 25% of said principal and interest as attorneys’ fees; further it is ordered that plaintiff’s chattel mortgage upon the said property be recognized, that it be sold according to law, for cash, with full benefit of appraisement,, granting plaintiff a preference, privilege and priority over all persons whomsoever to the proceeds realized from said sale, and that the amount received from said sale be-credited pro tanto upon the amount of judgment herein, and if not sufficient to fully pay and discharge same, that the unpaid balance of said judgment be enforceable against any other property or rights belonging to said defendant in accordance with law. It is further ordered that all rights be reserved in favor of plaintiff against the defendant’s wife, Joyce Allen. Defendant to-pay all costs.
Reversed.