254 F.Supp. 195 (1966)
UNITED STATES of America, Plaintiff,
v.
Hilda SYROS and George Syros, Defendants.
No. 65 C 156(2).
United States District Court E. D. Missouri, E. D.
March 18, 1966.
*196 Richard D. FitzGibbon, Jr., U. S. Atty., Wm. C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
David J. Kueter, Florissant, Mo., for defendants.
MEREDITH, District Judge.
This is an action by the United States to recover on certain promissory notes which have been endorsed and assigned to plaintiff under the terms of the National Housing Act. Count 1 alleges that defendant Hilda Syros executed and delivered a certain promissory note for $4,014.05 to the Northland Bank on or about April 17, 1961, on which there is presently due and owing plaintiff $1,772.21 principal, plus interest of $125.56 as of March 5, 1965, plus interest at 6% per annum from and after March 5, 1965, until paid. Count 2 alleges that defendants Hilda Syros and George Syros executed and delivered a certain promissory note for $1,808.10 to the Jefferson Bank and Trust Company on or about January 26, 1962, on which there is presently due and owing plaintiff $1,009.31 principal, plus interest of $69.35 as of March 5, 1965, plus interest at 6% per annum from and after March 5, 1965. Count 3 alleges that defendants Hilda Syros and George Syros executed and delivered a certain promissory note for $997.57 to the Northland Bank on or about July 24, 1962, on which there is presently due and owing plaintiff $630.02 principal, plus interest of $44.64 as of March 5, 1965, plus interest at the rate of 6% per annum from and after March 5, 1965. Plaintiff states in each count that demand for payment has been made but that defendants have failed and refused to pay the amounts due and owing on said notes.
Defendant Hilda Syros has admitted liability and judgment will be entered for the plaintiff and against defendant Hilda Syros on all three counts.
The defendant George Syros has pleaded a discharge in bankruptcy, dated April 30, 1964, as an affirmative defense to his liability on Counts 2 and 3. The record of cause 64 B 253 which resulted in said discharge shows that the notes covered in Counts 2 and 3 were properly listed on the schedule of indebtedness filed in the bankruptcy proceeding. The plaintiff has replied, alleging certain fraudulent misrepresentations in the procurement of the loans involved. It is alleged that the defendant, in making application to the Jefferson Bank and Trust Company, failed to state that the Federal Housing Administration-covered loan made by the Northland Bank, the loan alleged in Count 1, was then outstanding. Additionally, it is alleged that the defendant falsely stated and misrepresented in the application to the Jefferson Bank and Trust Company that the purpose of the loan was to "enclose carport" when, in fact, the proceeds of the *197 loan were not intended for that purpose. With regard to the second Northland Bank loan, covered in Count 3, it is alleged that the application for this loan failed to state that the FHA-covered loan made by the Jefferson Bank and Trust Company was still outstanding, and that defendant misrepresented the purpose of this loan as being for the installation of central air conditioning when, in fact, it was not intended for such purpose.
11 U.S.C. § 32(c) (3) provides that a discharge is not to be granted a bankrupt where he has obtained money or property on credit by making a materially false statement in writing respecting his financial position. A 1960 amendment, Pub.L. 86-621, has made § 32(c) (3) inapplicable to non-business bankrupts. But, this amendment goes merely to whether or not the bankruptcy court should grant a discharge and it does not deal with the effect the discharge will have in some subsequent action. 11 U.S.C. § 35(a) (2) provides that "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations." FHA regulations provide that the outstanding loan balance for loans of the type here involved may not exceed $3,500. 24 C.F.R. 201.3(a). Finally, 18 U.S.C. § 1010 provides criminal penalties for
"Whoever, for the purpose of obtaining any loan or advance of credit * * * with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance, * * * makes, passes, utters, or publishes any statement, knowing the same to be false, * * *"
The government relies upon these statutes to support its position that the discharge in bankruptcy of George Syros does not bar the present action on these notes.
The government has introduced in evidence the promissory notes involved and the applications signed by defendants. The defendant has introduced the record of the bankruptcy proceedings, photographs of the work actually done on the house, and a certificate from the Federal Housing Administration showing that at the time the Jefferson Bank and Trust Company loan was submitted for insurance the FHA records reflected the previous Northland Bank loan, and that at the time the second Northland Bank loan was submitted the Jefferson Bank and Trust Company loan was of record. The defendant George Syros was called as a witness and his testimony heard by the Court.

FINDINGS OF FACT
The Court finds that the defendant did not misrepresent the purpose for which he intended to utilize these funds. Regarding the Jefferson Bank and Trust Company loan, the stated purpose was to "enclose carport". The evidence shows that defendant added a wall so that the carport was enclosed on three sides and the defendant testified that this was what he meant when he stated that his purpose was to "enclose carport". The government contends that the carport was not entirely enclosed; in other words, it was not converted into a garage. But, this construction is pure supposition and in the absence of some evidence as to customary meaning of such phrases we can see no reason to doubt defendant's testimony. As to the second Northland Bank loan, the stated purpose was "central air conditioning and tile floor". The evidence shows that the floor was tiled and a window air conditioning unit was installed. Defendant testified that at the time he made application for this loan he had an estimate which would have allowed him to install central air conditioning with the funds borrowed, but that subsequent to the making of the loan the estimate was increased and he was only able to purchase and install the window unit. Again, the government has offered no evidence which would cast any doubt on the veracity of the defendant's testimony as to his intention at the time of the loan application.
*198 We turn now to the alleged fraudulent failure to state the previous and outstanding FHA-insured loans. The loan applications to which the government refers have a space wherein the applicant is to list "ALL fixed obligations, instalment accounts, mortgages, FHA LOANS and debts to banks, finance companies and Government agencies". The application to the Jefferson Bank and Trust Company has listed in this space only the outstanding indebtedness to Community Federal covering the initial purchase of the house. The application to the Northland Bank lists in this space the Community Federal indebtedness and the previous loan with the Northland Bank. The defendant testified that each application was filled out by an officer of the bank involved, that he was not asked about previous FHA loans, but only as to the amount of mortgage on the house and whether he had any previous business with the bank involved, and that although he did sign the applications he is "not too good with reading or writing the English language." The government has offered no evidence which would cast any doubt on the correctness of defendant's testimony as to how these applications were completed.

CONCLUSIONS
We have previously stated the law applicable to this matter. The cases are clear that the introduction into evidence of the bankruptcy discharge makes out a prima facie defense and the burden then rests on the plaintiff to show that the law excepts the particular debts from discharge. Further, the Supreme Court has ruled that the exceptions set forth in § 35(a) (2) are to be strictly construed. Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). The cases applying § 35(a) (2) have consistently held that it contemplates actual fraud; that the bankrupt knowingly made false representations, that such representations were made with the intent of defrauding the creditor or were made with such reckless disregard for the truth as to be tantamount to a willful misrepresentation, and that the creditor relied upon and was misled by the false pretense or representation. 1 Collier on Bankruptcy § 17.16(a); Zerega Distributing Co. v. Gough, 52 Wash.2d 443, 325 P.2d 894 (1958); General Finance Loan Co. of Downtown Shreveport v. Allen, 165 So.2d 20 (La.App.1964); Friendly Finance Co. v. Stover, 134 S.E.2d 837 (Ga.App.1964).
We have previously found that the defendant did not misrepresent the intended purpose for which he was seeking these loans. With regard to the failure to list the prior FHA loans, the government contends that the mere absence of this information on the applications, when read in the light of 18 U.S.C. § 1010, should be sufficient to support its claims of misrepresentation. While this is a matter of substantial evidential value, we do not feel that it is sufficient to carry the government's burden of proof. The defendant, in testifying, has offered plausible explanations for the failure to list the previous loans. This testimony, standing unopposed, casts considerable doubt on the proposition that there was a knowing false representation with intent to defraud. Further, with regard to the element of reliance, the defendant has offered evidence showing that the FHA did have record information as to the previous loans; yet, plaintiff has offered no evidence, other than the possible presumption arising from the fact that the loans were made and insured, to show that "the creditor relied upon and was misled by the false pretense or representation".
We can only conclude that the plaintiff has failed to carry its burden of proving that the defendant knowingly and intentionally made false statements and representations in order to obtain the loans. Accordingly, judgment will be entered for the defendant George Syros and against the plaintiff United States on Counts 2 and 3.