**In the Matter of Gordon Irving Wright, Bankrupt.**

**Gordon Irving WRIGHT, Bankrupt-Appellant,**

v.

**George LUBINKO, Creditor-Appellee.**

No. 73–2909.

United States Court of Appeals, Ninth Circuit.

April 21, 1975.

F. Gordon Chytraus (argued), Buena Park, Cal., for bankrupt-appellant.

C. Brian O'Gorman (argued), Goleta, Cal., for creditor-appellee.

## OPINION

Before CHAMBERS and WALLACE, Circuit Judges, and BALDWIN,* Associate Judge, U. S. Court of Customs and Patent Appeals.

WALLACE, Circuit Judge:

Wright sold stock in his company to Lubinko in violation of California corporate securities laws which require a permit to sell such stock. Lubinko brought suit in the California Superior Court and recovered judgment against Wright for the purchase price plus interest. Wright subsequently filed for bankruptcy. The present controversy stems from Lubinko's application to the bankruptcy court to declare the judgment debt nondischargeable under section 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35a(2). The bankruptcy judge held the debt to be nondischargeable and the district court agreed. We reverse.

Section 17a(2) states:

A discharge in bankruptcy shall release a bankrupt from all of his prova-ble debts, whether allowable in full or in part, except such as . . . are liabilities for obtaining money or property by false pretenses or false representations . . . .

The bankruptcy judge held that the superior court's findings of fact were res judicata, relying specifically on finding IV:

As alleged by plaintiff in Paragraph X of his First Amended Complaint, it is true that on and prior to June 23, 1964, defendants JOHN GORDON COMPANY, INC., and GORDON I. WRIGHT, and each of them, ~~fraudulently~~ represented to plaintiff that they had valid and legal authority and right to offer, solicit, and procure and obtain said sale of corporate stock to plaintiff. It is true that said representations were made for the purpose of inducing plaintiff to agree to purchase corporate stock of defendant JOHN GORDON COMPANY, INC., and for the purpose of inducing plaintiff to pay over said $7,000.00 as hereinabove found to be true. The said representations, and each of them, were false. ~~and were known by said defendants to be false, when the same were made.~~

(Strikeouts in original.)[1] The bankruptcy judge went on to hold that the judgment was a liability for obtaining money or property by false pretenses or false representations within the meaning of section 17a(2). After a hearing and again on rehearing, the district court affirmed this determination of nondischargeability. Wright appeals from the order of affirmance on rehearing.[2]

---

* Honorable Phillip B. Baldwin, Associate Judge, U. S. Court of Customs and Patent Appeals, sitting by designation.

1. The word stricken was "fraudulently" and the clause stricken stated "and were known by said defendants to be false, when the same were made."

2. Lubinko contends that because this affirmance on rehearing was captioned "Rehearing Denial," this appeal was not timely filed. Since the notice of appeal in this case was filed prior to the effective date of the Bank-ruptcy Rules, the timeliness of this appeal must be determined under prior bankruptcy practice. When a petition for rehearing in bankruptcy was entertained, the order disposing of the motion was regarded as a new judgment from which appeal may be taken within the ordinary time. Mardick v. Stover, 392 F.2d 561, 563 (9th Cir. 1968); 9 J. Moore, Federal Practice ¶ 204.12[6], at 966 (2d ed. 1973). The rehearing denial in the present case plainly was entertained. The district court stated:

[T]he Court has considered the petition and the points and authorities filed in support

■■ We agree with both the bankruptcy judge and the district court that the superior court found Wright to have made material representations which were false. But this does not amount to a "false representation" within the meaning of section 17a(2). There must also be a showing of fraudulent intent or reckless disregard for the truth tantamount to wilful misrepresentation. United States v. Syros, 254 F.Supp. 195, 198 (E.D.Mo.1966); Ruegsegger v. McCarley, 262 Or. 157, 163, 496 P.2d 214, 217 (1972). Prior decisions unanimously require proof of actual fraud involving moral turpitude. E. g., In re Blakesley, 27 F.Supp. 980, 981 (W.D.Mo.1939); Hisey v. Lewis-Gale Hosp., Inc., 27 F.Supp. 20, 23 (W.D.Va.1939) (dictum).

> In order for Section 17, sub. a(2) to bar a discharge, the party alleging fraud must meet the requirements of proving positive fraud. That is, the alleged fraudulent representations must have been made with an intent to deceive and defraud, and the creditor must have relied on the representations in acting to his prejudice.

In re Dolnick, 374 F.Supp. 84, 90 (N.D. Ill.1974) (citations omitted); *accord,* United States v. Syros, *supra,* 254 F.Supp. at 198; Friendly Fin. Co. v. Stover, 109 Ga.App. 21, 22, 134 S.E.2d 837, 839 (1964); Peoples Fin. and Thrift Co. v. Doman, 27 Utah 2d 404, 407, 497 P.2d 17, 19 (1972).

The superior court judgment was not based upon a finding of fraud but upon a finding of illegal contract. *See generally* 6A A. Corbin, Contracts §§ 1373, 1374, 1510, 1514 (1962). Indeed, the superior court specifically found no fraudulent intent. The word "fraudulently" was stricken from Lubinko's proposed finding of fact IV, as was the language, "and [the representations] were known by said defendants to be false, when the same were made." Furthermore, the court stated in its Memorandum of Decision: "The Court finds that the allegations of fraud are not established . . . .." Finally, in a letter to counsel for Lubinko explaining the modifications to the proposed finding of fact, the superior court judge stated:

> The Court . . . did not feel that the evidence supported a finding of actual fraud. The transfer of the stock under the circumstances it is felt was in violation of the corporate securities act which, I believe, theoretically under the law is a constructive fraud but whether it may be so designated or not is not important. The absence of a valid permit for the transfer invalidates the transfer and the allegations in plaintiff's complaint as to fraud are surplusage insofar as the validity of the transfer is concerned and would be necessary allegations only for the purpose of supporting an award of punitive damages, which the Court has ruled out. In other words, the Court has found the transfer to be technically a violation of the corporate securities act but *without actual fraudulent intent.*

(Emphasis in original.)

In the face of substantial authority to the contrary, Lubinko contends that no proof of intent to deceive is necessary to establish a "false representation" for purposes of section 17a(2). This is true, he asserts, because after the language from section 17a(2) quoted earlier, the subsection provides for the nondischargeability of liabilities

> for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever *with intent to deceive* . . ..

(Emphasis added). This latter clause follows a comma after the clause, quoted

---

thereof and has reexamined the record and files on review and can find no merit in the Petition for Rehearing; therefore,

IT IS ORDERED, on rehearing, that the Referee is affirmed in his determination that Bankrupt's debt to George Lubinko is nondischargeable.

earlier, that provides for the nondischargeability of liabilities "for obtaining money or property by false pretenses or false representations" and is set off from it with the disjunctive "or." Thus, Lubinko asserts "with intent to deceive" modifies only the second clause, which deals with credit transactions. Therefore, he argues no intent to deceive is required for false representations which do not involve credit transactions.

■ It is undoubtedly true that "with intent to deceive" in section 17a(2) modifies only the clause regarding credit transactions. This clause was added in 1960 at the same time that similar language in section 14c(3) was modified. The purpose of the new clause was to make clear that debts which formerly barred any discharge under section 14c(3) remained nondischargeable under section 17a(2). Pub.L. No. 86–621, 74 Stat. 408, 408–09; see 1 Modern Bankruptcy Manual § 785 (1966); C. Nadler, The Law of Bankruptcy § 777, at 648.2–648.3 (2d ed. 1968). This amendment, however, did not change the meaning of the phrase "false pretenses or false representations," which has been a part of section 17 since the Bankruptcy Act of 1898, ch. 541, § 17(2), 30 Stat. 544, 550. The section was derived from a parallel provision in the Bankruptcy Act of 1867, ch. 176, § 33, 14 Stat. 517, 533, providing that debts created by fraud were nondischargeable. See 1A Collier on Bankruptcy ¶ 17.01 (14th ed. 1974). This exception to the general rule of dischargeability included only "positive fraud or fraud in fact, involving moral turpitude or intentional wrong; not implied fraud which may exist without bad faith." Forsyth v. Vehmeyer, 177 U.S.. 177, 182, 20 S.Ct. 623, 625, 44 L.Ed. 723 (1900); accord, Strang v. Bradner, 114 U.S. 555, 559, 5 S.Ct. 1038, 29 L.Ed. 248 (1885). When the language "false pretenses or false representations" was added in 1898, it merely enumerated subcategories of fraud, all based upon wrongful acts. In re Blumberg, 94 F. 476, 479 (E.D.Tenn. 1899); see Zimmern v. Blount, 238 F. 740, 745 (5th Cir. 1917). The many subsequent decisions indicate that fraudulent intent remained a necessary element of a nondischargeable liability under section 17a(2), even after the word "frauds" was deleted by the Act of February 5, 1903, ch. 487, § 5, 32 Stat. 797, 798. See, e. g., In re Blakesley, supra, 27 F.Supp. at 981; Hisey v. Lewis-Gale Hosp., Inc., supra, 27 F.Supp. at 23 (dictum); De Latour v. Lala, 15 La.App. 276, 278, 131 So. 211, 212 (1930); Horner v. Nerlinger, 304 Mich. 225, 237, 7 N.W.2d 281, 285–86 (1943); Griffin v. Bergeda, 152 Tenn. 512, 515, 279 S.W. 385, 386 (1926); Higginbotham-Bartlett Co. v. Powell, 270 S.W. 193, 195 (Tex.Civ.App.1925) (writ of error dismissed or refused); Klatt v. Helming, 248 Wis. 139, 142, 21 N.W.2d 261, 263 (1946). Moreover, the cases decided since the 1960 amendment indicate that the intent to deceive is still necessary for nondischargeability under the false representations clause of section 17a(2). See, e. g., In re Dolnick, supra, 374 F.Supp. at 90; United States v. Syros, supra, 254 F.Supp. at 198; Yellow Creek Logging Corp. v. Dare, 216 Cal. App.2d 50, 55–56, 30 Cal.Rptr. 629, 631–32 (1963); Friendly Fin. Co. v. Stover, supra, 109 Ga.App. at 22, 134 S.E.2d at 839; Swanson Petroleum Corp. v. Cumberland, 184 Neb. 323, 330, 167 N.W.2d 391, 396–97 (1969); Gonzales v. Aetna Fin. Co., 86 Nev. 271, 276, 468 P.2d 15, 18–19 (1970); Ruegsegger v. McCarley, supra, 262 Or. at 163, 496 P.2d at 216–18; Peoples Fin. and Thrift Co. v. Doman, supra, 27 Utah 2d at 407, 497 P.2d at 19.

The superior court found that Wright acted without fraudulent intent in selling the stock. Thus his liability was not based upon a false representation within the meaning of section 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35a(2). The debt should be ordered discharged.

Reversed and remanded.