In re John R. **FREEMAN**, Debtor.

**AETNA CASUALTY & SURETY COMPANY**, Plaintiff,

v.

John R. **FREEMAN**, Defendant.

Bankruptcy No. 5–81–00269.
Adv. No. 5–83–0260.

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 14, 1987.

See also, 2d Cir., 697 F.2d 290.

---

John H. Doran, Doran, Nowalis & Flannagan, Wilkes-Barre, Pa., for John Freeman.

Edward W. Rothman, Harrisburg, Pa., for Aetna Cas.

### OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Aetna Casualty & Surety Company (Aetna) commenced this proceeding to determine the dischargeability of a debt pursuant to §§ 523(a)(2) and (a)(6) of the Bankruptcy Code and later moved for Summary Judgment pursuant to Bankruptcy Rule 7056.

The facts are as follows. The defendant, John R. Freeman (Freeman), filed his Petition under Chapter 7 of the Bankruptcy Code on April 3, 1981. On June 6, 1983, the plaintiff filed a complaint seeking to have Freeman's obligation to it declared nondischargeable. Aetna then filed a Motion for Summary Judgment based upon a judgment of the United States District Court for the Eastern District of New York holding that certain checks delivered by Freeman to Aetna were not declared void as extensions of credit in violation of Regulation U of the Board of Governors of the Federal Reserve System, 12 C.F.R. § 221, et seq. (1980).

Aetna contends that Freeman should be collaterally estopped from relitigating many of the issues determined in the prior District Court case which would be relevant to determining whether the present debt would be dischargeable under the Bankruptcy Code. Further, Aetna asserts that the requirements of § 523(a)(2)(A) and (a)(6) of the Bankruptcy Code have already been determined and fully litigated in the prior action. Freeman responds that Aetna is not entitled to a summary judgment because the determinations made by the District Court in the prior action fall short of establishing the requirements needed under §§ 523(a)(2)(A) and (a)(6) of the Bankruptcy Code. In short, Freeman asserts that it would be grossly improper to translate the findings of Judge Bramwell into a justification for summary judgment on dischargeability before the Bankruptcy Court without affording Freeman a full hearing on dischargeability issues.

We must note, that pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3rd Cir.1981); *Franklin Federal Savings and Loan Association of Wilkes-Barre v. Ripianzi* (in re Ripianzi), 27 B.R. 15 (M.D.Pa.1982). Additionally, "the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro-Swiss Int'l Corp.*, 33 B.R. 872, 11 B.C.D. 113 (S.D.N.Y.1983). The plaintiff must "do more than whet the curiosity of the court; he must support vague accusations and surmise with concrete particulars." See *In re Euro-Swiss Int'l Corp.*, citing *Applegate v. Top Associates*, 425 F.2d 92, 96 (2d Cir.1970). The Third Circuit Court of Appeals has made it clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall*, 660 F.2d 517, 519 (3rd Cir.1981). In addition, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

The basis of Aetna's Motion for Summary Judgment rests on its argument that all the facts necessary to except the present debt from discharge pursuant to the aforesaid sections of the Bankruptcy Code have been established in the New York action and in particular by the Findings of Fact underlying the judgment rendered in the Eastern District of New York in a bench trial. Furthermore, by virtue of that judgment, Freeman is collaterally estopped from denying certain relevant facts which are essential to the debt being excepted from discharge. In other words, Aetna asserts that Freeman should now be collaterally estopped from relitigating in the Bankruptcy Court those issues which were material and finally found by the Eastern District action.

"Collateral estoppel" or "issue preclusion" prevents parties from relitigating only those issues actually and necessarily litigated in a prior proceeding. *J. Ferriell, The Preclusive Effect of State Court Decisions in Bankruptcy*, 58 Am.Bankr. L.J. 349, 350 (1984) (hereinafter referred to as "Ferriell"). Where a creditor has obtained a judgment against a debtor in lawsuit prior to the debtor's bankruptcy, the bankruptcy court, faced with the creditor's action for nondischargeability under § 523 of the Bankruptcy Code, must determine what effect should be given to the prior litigation. Although the doctrine of res judicata has no place in nondischargeability proceedings because of the bankruptcy courts' exclusive jurisdiction to determine nondischargeability, *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the principles of collateral estoppel

can apply in nondischargeability cases so that issues that have been fully litigated in a prior state case need not be relitigated. *Id.*, at 140 n. 10, 99 S.Ct. at 2213 n. 10.

An issue previously determined may not be relitigated where the following elements are satisfied: the issue sought to be precluded must be the same as that in the prior action; the issue must have been actually litigated; the issue must have been determined by a valid and final judgment; and, the determination must have been essential to the judgment. *In re Ross*, 602 F.2d 604, 608 (3d Cir.1979).

In the case of *In re Overmyer*, 52 B.R. 111 (Bankr.S.D.N.Y.1985) at page 115 we find the following:

"As stated in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979):

Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.

*Id.* at 326, 99 S.Ct. at 649 (footnote and citation omitted). The doctrine of res judicata, or claim preclusion, is distinguishable from the principle of collateral estoppel in that res judicata forecloses all that which might have been litigated previously by the parties, whereas collateral estoppel treats as final only those issues actually and necessarily decided in a prior suit. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5."

In order for Aetna to prevail, therefore, it must show that issues relevant to the dischargeability claim under the Bankruptcy Code were the same issues that were actually litigated and determined in the prior action. Section 523(a)(2)(A) and (a)(6) read as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*    \*    \*    \*    \*    \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

(A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition;

\*    \*    \*    \*    \*    \*

(6) for willful or malicious injury by the debtor to another entity or to the property of another entity;

\*    \*    \*    \*    \*    \*

■ In a proceeding brought under § 523(a)(2)(A), the creditor must prove that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; and (4) that the creditor relied on such representations; (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. The next step in our analysis is to determine whether the requirements that must be proved under § 523(a)(2)(A) and (a)(6) actually were issues that were litigated in the prior District Court action.

On March 24, 1981, 510 F.Supp. 826, Judge Henry Bramwell from the Eastern District of New York made certain Findings of Fact and Conclusions of Law based on litigation commenced by the defendant, Freeman, against the Marine Midland Bank and Aetna Casualty & Surety Company. The Judge determined the issue to be whether 17 checks delivered by Freeman to the Bank should be declared void as extensions of credit in violation of Regulation U of the Board of Governors of the Federal Reserve System. Regulation U of the Board of Governors of the Federal Reserve System provides, in relevant part:

[N]o bank shall extend any credit secured directly or indirectly by any stock for the purpose of purchasing or carrying any margin stock in an amount ex-

ceeding the maximum loan value of the collateral ...

Freeman contends that the Marine Midland Bank did extend him credit in order to purchase certain stocks. The Marine Midland Bank responded that its actions did not meet the requirements nor did it implicate the definition or the purpose of Regulation U. The court determined that the Bank did not extend any credit to Freeman and, therefore, refused to declare null and void the 17 checks which were the subject of the litigation. In addition, it also awarded Aetna Casualty & Surety Company $260,405.59.

Before proceeding further, we must note that we do not base our determination in this matter solely upon a review of the wording of the earlier District Court judgment. Rather, we are basing our determination upon a review of the whole proceeding presented to this court which includes complaints, answers, briefs, affidavits and the recordation of testimony in the District Court supplied in the form of a transcript for the dates of January 7 and 8, 1981 taken in the United States District Court for the Eastern District of New York. An examination of this record indicates that there is simply not ample support for plaintiff's motion for summary judgment.

The plaintiff's argument primarily fails to meet the first requirement we have listed above that must be established for collateral estoppel to be given to the prior action. The issue sought to be precluded must be the same as that involved in the prior action. Although the defendant here brought the prior action to determine that 17 checks should be declared null and void and the present action is to make a determination that debts represented by those checks are nondischargeable in the bankruptcy context, we find that the issues are not the same that were involved in both actions. Judge Bramwell's Decision centered mainly on whether the checks delivered to Aetna were void as extensions of credit in violation of Regulation U of the Board of Governors of the Federal Reserve System. While in the prior action certain findings of fact were made which could be considered by this court in determining the outcome of a dischargeability proceeding, they clearly are not sufficient to warrant a grant of summary judgment for Aetna. There is little doubt that the Eastern District Court found that the defendant had made material representations which were false. The case of *Wright v. Lubinko*, 515 F.2d 260 (9th Cir.1975) shows that this does not necessarily amount to "false representation" within the meaning of § 17(a)(2), the predecessor of § 523(a)(2)(A). At page 263 of that decision we find the following:

> "There must also be a showing of fraudulent intent or reckless disregard for the truth tantamount to wilful misrepresentation. *United States v. Syros*, 254 F.Supp. 195, 198 (E.D.Mo.1966); *Ruegsegger v. McCarley*, 262 Or. 157, 163, 496 P.2d 214, 217 (1972). Prior decisions unanimously require proof of actual fraud involving moral turpitude. E.g., *In re Blakesley*, 27 F.Supp. 980, 981 (W.D.Mo.1939); *Hisey v. Lewis-Gale Hosp., Inc.*, 27 F.Supp. 20, 23 (W.D.Va. 1939) (dictum).

> 'In order for Section 17, sub. a(2) to bar a discharge, the party alleging fraud must meet the requirements of proving positive fraud. That is, the alleged fraudulent representations must have been made with an intent to deceive and defraud, and the creditor must have relied on the representations in acting to his prejudice.' (citations omitted)."

In the instant case when the defendant, Freeman, was asked on cross-examination about his knowledge concerning the effect of drawing checks on insufficient funds, he replied at page 217 of the Transcript: "I gave it no thought because I had fully intended to make all those checks good and it was a question of an accommodation, short-term loan which I intended to make good."

■ Clearly then, plaintiff must prove the type of fraud contemplated by the Bankruptcy Code which involves moral turpitude or intentional wrong to render the debt nondischargeable. *North Central Wool Marketing Corporation v. Carothers*, 22 B.R. 114, 120 (Bankr.Minn.1982); *see also 3 Collier on Bankruptcy*, ¶ 523.-08[4] (15th ed. 1982). While the burden is obviously a stringent one, it is nevertheless essential to providing the debtor with comprehensive relief from his burdensome debts. Thus, we are confronted with the necessity of determining whether a judgment against a debtor for fraud and breach of trust presents the same elements of proof which must be established in a § 523 proceeding. If the standard of proof was less burdensome then the standard of proof required to be made in nondischargeability proceedings, collateral estoppel effect cannot be given to the judgment. *Ferriell, supra*, at 362–63. Thus, if the judgment relied upon was based on a finding of fraud by the preponderence of evidence, issue preclusion is not possible where the Bankruptcy Court requires proof by clear and convincing evidence. *Ferriell, supra*, at 363.

■ The case of *In re D'Annolfo*, 54 B.R. 887, 13 B.C.D. 976 (Bankr.M.D.Mass. 1985) points out that the overwhelming majority of courts require proof of the fraud by clear and convincing evidence in nondischargeability proceedings under § 523(a)(2)(A). (citing cases). Under the former Bankruptcy Act, fraud within the discharge exceptions of § 17(a)(2) had to be proved by clear and convincing evidence. The legislative history to § 523(a)(2) of the Code confirms that the quantum of proof requires clear and convincing evidence of fraud. L. King, *3 Collier on Bankruptcy*, ¶ 523.09 at ¶ 523–54 (15th ed. Supp.1984).

■ Central to our consideration of this matter is the fact that Freeman engaged in a pattern of conduct with the Bank over a period of four years and from time to time requested that certain checks be held for a short while before being deposited. For the most part, all such checks were subsequently honored. Unfortunately, the 17 checks in question were not. As indicated, the Court considered this to be fraudulent conduct on the part of Freeman, even calling it "check-kiting" at one point. It is questionable whether it amounted in fact to a classic case of check-kiting, but what is even more important is that nowhere among all of Aetna's submissions do we find any reference to the standard of proof employed by the Court on which it based its judgment nor it is clear that Freeman actually committed fraud involving moral turpitude as contemplated by the Bankruptcy Code. It is, therefore, impossible for this Court to conclude that Aetna is entitled to a summary judgment. It may very well be that at trial of this matter, Aetna conceivably could establish a degree of proof required to show fraud involving moral turpitude.

Similarly, Aetna faces the same problem regarding the standard of proof to secure a finding of nondischargeability under § 523(a)(6) for willful and malicious injury to the person or property of another in that the requisite knowledge and intent must be proven. *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143 (1st Cir.1980) citing 1A *Collier on Bankruptcy*, (14th Ed.) ¶ 17.17 at 1652–53; *Den Haerynck v. Thompson*, 228 F.2d 72 (10th Cir.1955). To consider such facts as willfulness and malice to be established by collateral estoppel, it must be shown that such facts were essential to the prior decision as a matter of law and thus necessarily determined to exist by the earlier tribunal. *In re Kasler*, 611 F.2d 308 (9th Cir.1979).

■ In a recent case the phrase "willful and malicious injury" within the meaning of § 523(a)(6) was discussed. *In re Hodges*, 4 B.R. 513 (Bankr.W.D.Va.1980). The court states that "malicious" means intent to do harm, cannot be implied and no longer encompasses the looser standard under the Bankruptcy Act of "reckless dis-

regard." Any act done unlawfully and maliciously was necessarily willfully done. But, the reverse does not necessarily follow; any act which is done willfully is not necessarily done maliciously. *In re Hodges, supra* at page 515.

■ As indicated earlier, Aetna has submitted, inter alia, the pleadings in the prior action and certain affidavits. Initially, it can be said that the pleadings are not necessarily conclusive. *Peerson v. Mitchell,* 205 Okl. 530, 239 P.2d 1028 (1950) *cert. den.,* 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652 (1951). The affidavits do not establish the requisite "willful and malicious conduct." As a rule the courts are quite critical of the papers submitted by the moving party, but not of the opposing papers. *Underwater Storage, Inc. v. United States Rubber Co.,* 371 F.2d 950, 953 (D.C.Cir. 1966); *cert. den.* 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967).

■ Consequently, Aetna's efforts fall short of the requisite elements mandated by Rule 56(c) in order to be entitled to summary judgment. Summary judgment is such a drastic procedure that it should be used sparingly so that no party having a scintilla of merit to his claim or defense should be denied his day in court. *Manok v. Southeast District Bowling Association,* 306 F.Supp. 1215 (D.C.Cal.1969); *Vogel Stein v. National Screen Service Corp.,* 204 F.Supp. 591 (E.D.Pa.1962).

Accordingly, Aetna's Motion for Summary Judgment must be denied.