307 So.2d 893 (1974)
SAUNDERS HARDWARE FIVE AND TEN, INC., a Florida Corporation, Appellant,
v.
Nedda LOW, Appellee.
No. 74-1090.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 24, 1975.
Creel & Glasgow, Miami, for appellant.
Richard P. Kenney, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant takes this interlocutory appeal to review an order denying defendant's motions for judgment in accordance with verdict and for judgment in accordance with motion for directed verdict with respect to plaintiff's claim for punitive damages.
A detailed recitation of the facts is not necessary for the disposition of this case. Simply, plaintiff-appellee, Nedda Low, filed a complaint against the defendant-appellant, Saunders Hardware, for, inter alia, *894 slander. The cause proceeded to a jury trial. At the conclusion thereof, the jury submitted its verdict in favor of the defendant with respect to the claim for compensatory damages on the slander count, but could not agree on the amount to be assessed with respect to the claim thereunder for punitive damages. Thereafter defendant filed a motion for judgment in accordance with the verdict on the claim of compensatory damages on the slander count and a motion for judgment in accordance with defendant's motion for directed verdict on the punitive damages claim thereunder. Plaintiff moved for judgment in accordance with motion for directed verdict on the issue of liability for slander. After hearing oral argument on the motions of the respective parties, the trial judge entered an order denying the same. He further ordered that plaintiff is entitled to a new trial on the issue of slander. Defendant appeals therefrom.
In this appeal, we are being asked to determine whether a verdict for the defendant on the matter of compensatory damages in a suit for slander bars plaintiff's right to punitive damages on such a claim. We reply in the negative.
In a suit for libel or slander, although no special damage may have been proved, upon some proof of the malicious character of the publication, a plaintiff may recover punitive damages, the purpose of which is not to compensate but rather to serve as a deterrent to others inclined to commit a similar offense. See 20 Fla.Jur. Libel and Slander § 90 (1958) and cases cited therein.
In light of the above principle of law, we hereby adopt the general rule that where the defamation complained of is actionable per se, punitive damages may be awarded even though the amount of actual damages is neither found nor shown, for in such a case the requirement of a showing of actual damages as a basis of an award of exemplary damages is satisfied by the presumption of injury which arises from a showing of libel or slander that is actionable per se. See 50 Am.Jur.2d Libel and Slander § 352 (1970) and Annot., 17 A.L.R.2d 527 at 545 (1951).
The slander in the case sub judice being actionable per se we find that the trial judge was correct in denying defendant's motion for judgment in accordance with motion for directed verdict on the claim of punitive damages.
However, the jury in the instant case having determined that plaintiff-appellee is not entitled to compensatory damages on the slander count, we hereby remand the cause to the trial court to hold a new trial as to the amount of punitive damages thereon, if any, to which plaintiff is entitled.
It is so ordered.