334 So.2d 164 (1976)
Medford B. MATTHEWS, Appellant (Plaintiff),
v.
DELAND STATE BANK, a Florida Banking Corporation, Appellee (Defendant).
No. X-218.
District Court of Appeal of Florida, First District.
June 25, 1976.
*165 Michael R. McDermott of Provitola & McDermott, DeLand, for appellant.
G. Steve Stanley, DeLand, for appellee.
MILLS, Judge.
Matthews sued the Deland State Bank for slander of his credit. The Bank counterclaimed against Matthews for money due it after repossession of his car under a retail installment contract. The jury found against Matthews on his suit, and against the Bank on its counterclaim. Matthews appeals from the judgment entered against him in his suit.
The question before us is whether the trial court erred in giving the following instructions to the jury:
"Actual malice in a libel action is more than a negligent error; the plaintiff must prove that the publication involved was deliberately falsified or published recklessly."
and
"The Court further wishes to instruct you that unless you award compensatory damages, you cannot award punitive damages."
In April 1966, Matthews financed a new car with the Bank. In February, March and April 1968, Matthews experienced financial difficulties and was unable to make the payments on his car. In the latter part of April 1968, the car was involved in a collision. He did not have insurance to cover the repairs.
About one week after the collision, Matthews contacted the bank and explained this situation to Morris, a bank employee. According to Matthews, Morris informed him that the Bank had insurance to repair the car, and if Matthews would return the car to the Bank he would no longer owe it any money. Matthews agreed to return the car on those terms, and told the Bank where it could pick up the car. After this conversation, Matthews received no further communications from the Bank concerning the car or money allegedly owed by him. Morris could not recall a conversation with Matthews regarding repairs or bank insurance.
In the latter part of 1971, Matthews wanted to purchase a home and made application for financing. He was refused. He contacted the Credit Bureau of Deland to determine what was on his record. The Credit Bureau had on its record that Matthews owed the bank approximately $1,700.00 on a repossession. Matthews contacted the Bank and at that time, for the first time, was informed that the Bank had lost over $500.00 on the repossession of the automobile. He requested the Bank to call the Credit Bureau and inform it that it was only some $500.00 that he owed instead of $1,700.00, but the Bank refused to do this.
*166 In 1972, Matthews again made application for financing on a house, and again was refused. The Credit Bureau checked with the Bank both in 1971 and 1972 before sending out reports on Matthews to the mortgage company to determine whether the indicated balance was still owed to the Bank. The Bank said that it was. However, on 26 January 1973, the Bank informed the Deland Credit Bureau that the balance due from Matthews on the automobile in question should be changed from $1,674.76 to $585.00.
A disregard for the truth in reporting credit transactions, especially when coupled with the failure to correct the inaccuracies, constitutes libel per se. Vinson v. Ford Motor Credit Company, 259 So.2d 768 (Fla.App.1st, 1972). Where words are libelous per se, malice is presumed as a matter of law. Johnson v. Finance Acceptance Company of Georgia, 118 Fla. 397, 159 So. 364 (1935). Therefore, if it was the court's intention to instruct the jury that a finding of actual malice was a prerequisite to awarding compensatory damages to Matthews, the giving of the instruction was error.
However, we do not feel that this was the court's intention, because the instruction on actual malice was given immediately after the court gave Florida Standard Jury Instruction 6.12 which covered Matthews' claim for punitive damages. In view of this, it is our opinion that the court instructed the jury that Matthews had to prove actual malice on the part of the Bank before it could award punitive damages.
This too was error. In order to award punitive damages in a libel action, ill will, hostility or an evil intention to defame and injure, must be present. However, the jury can find these elements either from the evidence produced at trial, or from the character of the publication itself. Montgomery v. Knox, 23 Fla. 595, 3 So. 211 (1887); Brown v. Fawcett Publications, Inc., 196 So.2d 465 (Fla.App.2d, 1967).
The instruction given by the trial court on actual malice is defective in that it does not fully inform the jury that the malice necessary for the award of punitive damages can be deduced from the publication itself.
"... where the defamation complained of is actionable per se, punitive damages may be awarded even though the amount of actual damages is neither found nor shown, for in such a case, the requirement of a showing of actual damages as a basis of an award of exemplary damages is satisfied by the presumption of injury which arises from a showing of libel or slander that is actionable per se." Saunders Hardware Five and Ten, Inc. v. Low, 307 So.2d 893 (Fla.App.3d, 1974).
Therefore, the court erred in instructing the jury that punitive damages could not be awarded unless an award of compensatory damages was made.
The judgment rendered against Matthews is reversed and this case is remanded for a new trial on the issues raised in Matthews' suit against the Bank.
RAWLS, Acting C.J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The majority have found error in the trial court's failure to instruct the jury that it might consider the character of the publication in determining whether the publication was made with malice sufficient to justify punitive damages. The proposition itself is self-evidently true, and no jury would think itself powerless to consider such matters. The defendant's judgment should not be reversed, however, simply because the trial judge did not lard his jury charge with such an obvious *167 truism, especially when the record indicates appellant's only request for the instruction was withdrawn at the charge conference and appellant's brief does not argue that there was error in the omission.
Nor can I agree, in the circumstances of this case, that it was reversible error for the trial court to have charged that the jury could not award punitive damages unless it awarded compensatory damages. Whether we should adopt for this district the rule of Saunders Hardware Five and Ten, Inc. v. Low, 307 So.2d 893 (Fla.App.3d, 1975), is a question whose resolution I would postpone to a more appropriate case, namely, one in which "the defamation complained of is actionable per se." 307 So.2d at 894. See Montgomery v. Knox, 23 Fla. 595, 606, 3 So. 211, 217 (1887). Appellant has referred us to no Florida holding that the false imputation of debt is libel per se, and the general rule seems to be that such a statement does not necessarily subject one to public hatred, contempt or ridicule or degrade him in society. See, generally, 20 Fla. Jur. Libel and Slander § 31 (1958); 50 Am.Jur.2d Libel and Slander § 98 (1970). See also Campbell v. Jacksonville Kennel Club, 66 So.2d 495 (Fla. 1953); Brown v. Fawcett Publications, Inc., 196 So.2d 465 (Fla.App.2d, 1967), cert. den. 201 So.2d 557 (Fla. 1967).
This Court's decision in Vinson v. Ford Motor Credit Co., 259 So.2d 768 (Fla.App. 1st, 1972), is not to the contrary. There the credit bureau's reckless and persistent disregard for the truth was held sufficient to justify the jury's award of both compensatory and punitive damages. This Court's characterization of all the operative facts in Vinson as "libel per se", 259 So.2d at 770, does not justify the majority's application of that technical term to the publication in this case. The jury here rejected appellant's claim that he sustained substantial damages as a result of a malicious defamation, and any error in the instruction's correlation of compensatory and punitive damages was inconsequential. I would affirm the judgment.