In the Matter of James E.
EVANS, Bankrupt.

John C. WEBER, Charlotte C. Weber,
Fifth Seventy Seven, Inc., and National
Surety Corporation, Plaintiffs,

v.

James E. EVANS, Defendant.

Case No. 79–574–BK–JAG–B.
Adversary File No. 1.

United States Bankruptcy Court,
S. D. Florida.

Sept. 28, 1979.

Gary I. Zwickel, c/o Renick, Zwickel & Gross, Lake Worth, Fla., for John Evans, bankrupt.

Harold G. Melville, c/o Morgan, Lewis & Bockius, Miami, Fla., for plaintiffs.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Four creditors have brought this adversary complaint seeking a determination that their New York judgment in the amount of $62,596 is non-dischargeable under the provisions of § 17a(4) of the Act (11 U.S.C. § 35). (C.P. No. 1) The matter was scheduled for trial on September 18, 1979. At that hearing, plaintiffs moved for a continuance (C.P. No. 10) on the ground that the matter was not at issue. The bankrupt had filed a motion to dismiss and a motion for more definite statement. Plaintiffs had also filed a motion for summary judgment. The bankrupt joined in the motion for continuance.

The motion to dismiss and the motion for more definite statement were denied at the hearing and the motion for summary judgment was taken under advisement. The bankrupt was ordered to answer not later than September 23 and final hearing was continued to September 28, 1979. At the hearing, plaintiffs agreed to rest their case upon the record presented in support of their motion for summary judgment and the bankrupt stipulated that such record might be received by the court with the same effect as an exhibit offered at final hearing. The authenticity of these exhibits has not been questioned by the bankrupt. The bankrupt reserved the right to offer additional evidence at the continued final hearing, but elected not to do so.

The matter is now at issue. Each party has had an opportunity to offer its proof and has submitted memoranda. This order is a memorandum of decision under B.R. 752(a).

The bankrupt has demanded a jury trial. (C.P. No. 16) The demand was timely. A jury trial is available in an adversary proceeding under § 17 of the Act, but solely upon the issues involved in the plaintiff's prayer for a money judgment against the bankrupt. The remaining issue, whether that claim is nondischargeable, is not a jury issue and is to be resolved by this court. 1A *Collier on Bankruptcy* (14th ed.) ¶ 17.28A[6]; *In re Swope*, 7 Cir. 1972, 466 F.2d 936, cert. den. 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973).

In this instance, plaintiffs obtained a New York judgment on December 20, 1977 against the bankrupt for $62,596. The entry of and the finality of that judgment are not disputed. No part of that judgment has been satisfied. There is, therefore, no issue with respect to the amount owed by the bankrupt to the plaintiffs and there is no occasion for this court to render a money judgment upon the plaintiffs' claim. There is, therefore, no jury issue in this case.

Section 17a(4) of the Act, relied upon by the plaintiffs denies discharge to debts which:

"(4). were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The New York judgment determined that the bankrupt was an officer of a corporation who was responsible for the misappropriation of the amount in question and that he was a trustee of a statutory trust created by Article III–A of the New York Lien Law, §§ 70–79–a. Plaintiffs had employed a corporation of which the bankrupt was president and major stockholder to act as general contractor for the remodeling of an apartment. Plaintiffs paid the corporation over $327,000 to cover all expenses. The New York Lien Law imposes a trust upon such payments for the benefit of the proper

payees. The Lien Law provides a civil remedy as well as a criminal penalty for diversion of the trust proceeds.

The New York judgment found that plaintiffs' payments to the bankrupt's corporation constituted trust funds, and that both the corporation and the bankrupt were trustees under the Lien Law, and required them to post a $100,000 bond to secure payment of all expenses. The defendants failed to post the bond and the New York money judgment for the actual misappropriation was entered.

A state court judgment is not res judicata on the issue of dischargeability, but it may be estoppel by judgment as to the factual elements essential to dischargeability. *Brown v. Felsen,* 442 U.S. 127, 138, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767; *Collier on Bankruptcy* (14th ed.) ¶ 17.16[6], ¶ 14.11[4]. In this instance I find that the New York judgment established each of the elements essential to deny discharge under § 17a(4), as recited above, and that the bankrupt is estopped by that judgment from relitigating those facts in this court.

In *Matter of Kawczynski,* W.D.N.Y.1977, 442 F.Supp. 413, 415, it was held that the New York Lien Law creates a fiduciary relationship within the meaning of § 17a(4). *In re Romero,* 10 Cir. 1976, 535 F.2d 618, held that the New Mexico Lien Law, essentially the same as the New York law, imposed a fiduciary duty on the contractor within the scope of this provision of the Bankruptcy Act.

As has already been noted, the bankrupt was acting as an officer of his corporation as well as in an express fiduciary capacity.

The bankrupt has filed an affidavit in opposition to the motion for summary judgment (C.P. Nos. 18 and 19) which I have accepted with the same weight I would give the bankrupt's oral testimony to the same effect. That evidence constitutes an effort to relitigate the findings made by the New York Court against the bankrupt. In addition, the bankrupt states that he was not aware of the New York Lien Law and had no conscious or deliberate intention of violating that statutory trust. Plaintiffs are not required to prove that the bankrupt knew he was a trustee, but only that his diversion or misappropriation was his act.

The bankrupt has also argued that the New York Lien Law does not make the owner a beneficiary of the statutory trust, but only the materialmen and suppliers. I disagree, but more importantly, the New York Court entered judgment against the bankrupt for the plaintiffs under the New York Lien Law.

I conclude, therefore, that plaintiffs have proved each element necessary to denial of discharge as to their New York judgment against the bankrupt.

Alternatively, if this matter cannot properly be disposed of upon the merits before me as I have undertaken to do in the foregoing discussion, I conclude that plaintiffs are entitled to a summary judgment on the motion that is pending before me.

As is required by B.R. 921(a), a separate judgment will be entered that the debt owed by the bankrupt to the plaintiffs, as established by a New York judgment entered December 20, 1977, in the amount of $62,596 is non-dischargeable under the provisions of § 17a(4) of the Act. Costs, if any, will be taxed on motion.