In re Jeanene MANITTA, dba Jeanene's International Figure Salon, aka Jeanene Rapisardi, aka Jeanene Rock aka Jeanene Ferrari, Bankrupt.

Patricia M. CROSS and Beth Ann Ludington, Plaintiffs,

v.

Jeanene MANITTA, Defendant.

No. BK–79–01855–PE "A".

United States Bankruptcy Court, C. D. California.

Dec. 3, 1979.

**394**

Bruce J. Lance, Jr., Vinnedge, Lance & Glenn, Inc., Ontario, Cal., for plaintiffs.

William P. Paulson, Laguna Niguel, Cal., for defendant.

## MEMORANDUM OF DECISION

PETER M. ELLIOTT, Bankruptcy Judge.

The plaintiffs seek a judgment of this court that their state court judgment against defendant is not dischargeable under § 17(a)(2) of the Bankruptcy Act because false and fraudulent representations of defendant induced them to purchase a business from defendant. Plaintiffs filed a motion for summary judgment under Bankruptcy Rule 756 (FRCP 56).

The issue here is whether the detailed findings of fact of the state court operate as a collateral estoppel to establish that there is no issue of material fact.

■ The decision of the state court is not res judicata. In perhaps a dozen prior proceedings, I have denied a plea of res judicata and tried the dischargeability issue. However, for the first time, I have before me detailed findings of a state court judge on all essential findings of a § 17(a)(2) dischargeability issue. These findings were made after a three-day court trial in which the defendant was represented by counsel.

■ I adopt the reasoning and ruling of Bankruptcy Judge Hughes in *Lasseter v. Douglass,* 5 Bankr.Ct.Dec. 603 (N.D.Cal. 1979). Judge Hughes held and I hold that where state court findings establish, without ambiguity, all elements of § 17(a)(2) of the Bankruptcy Act necessary to a judgment of non-dischargeability, collateral estoppel operates to foreclose retrial of those issues and the case is appropriate for summary judgment.

I want to emphasize that in the case of *In re Houtman,* 568 F.2d 651 (9th Cir. 1978), the state court judgment was based on a jury verdict. There were no findings.

The Supreme Court has decided *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), since Judge Hughes' decision. In *Brown v. Felsen,* the parties had stipulated for judgment and the stipulation was silent as to any facts establishing fraud. The *Brown* court holds that the plaintiff is not foreclosed by res judicata from going behind the stipulated judgment

to attempt to prove that the liability was not dischargeable.

However, in footnote 10, the *Brown* opinion notes that the decision does not decide the narrower issue of collateral estoppel:

If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

■ Turning to the findings of Judge Allen in the San Bernardino Superior Court lawsuit between the same parties, Judge Allen found:

1. That defendant represented to plaintiff that the figure salon business grossed between $70,000 and $80,000 a year and netted $40,000 to $50,000, when in fact, the gross income for the two prior years was $28,473 and $36,-944 respectively and the net income for the two prior years was only $2,752.62 and $4,775.96. Further, that the net income for January 1, 1976 to October 16, 1976 (the time of sale) was only $1,430.81.

2. That defendant represented to plaintiffs that the figure salon had 2,700 active members when in truth there were only approximately 500 members.

3. That the false representations concerning the members and income were made by the defendant to plaintiffs to induce them to rely thereon to purchase the business.

4. That defendant concealed the books and records from plaintiffs.

5. That plaintiffs reasonably relied on the false representations and did buy the business.

6. That defendant knew the representations concerning gross, net income, and membership were false when made.

7. That the purchase of the business was rescinded and that plaintiffs were entitled to recover consideration paid by them under the contract, $7,708.74.

The findings of Judge Allen present a classic case of a liability incurred by false pretenses or false representations under § 17(a)(2) of the Bankruptcy Act. There are no remaining issues to be tried. The defendant has had her day in court, three days in fact.

Judge Allen announced his decision at the conclusion of the trial on February 5, 1979. On February 26, 1979, plaintiffs served a copy of the proposed findings and judgment upon counsel for defendant. Defendant filed bankruptcy on March 1, 1979. No objections were made to the proposed findings and judgment, and they were signed by Judge Allen on March 14, 1979.

■ Defendant suggested that the making of findings and the entry of judgment on March 14, 1979 were in violation of the automatic stay. But neither the plaintiffs nor their attorneys were scheduled by the bankrupts as creditors, and the defendant gave no notice of the bankruptcy filing to the state court or to plaintiffs or to plaintiffs' attorneys. It is common practice for the Clerk of this Court, at the request of a bankrupt, to issue a formal notice of stay which can be served on creditors immediately. That was not done in this case.

Under the circumstances, the signing of the findings and judgment after bankruptcy, memorializing a decision rendered before bankruptcy was no more than voidable, certainly not void. This conclusion is bolstered by the fact that to this day defendant has not amended her schedules. The stay is annulled as to any creditor not duly scheduled within thirty days of the first meeting of creditors, which was March 26, 1979 in this case.

There is no material issue of fact. Therefore, plaintiffs' motion for summary judgment should be granted.