**In re Martin GREENBLATT, Debtor.**

**Marjorie BISHOP, Petitioner,**

**v.**

**Martin GREENBLATT, Respondent.**

**Bankruptcy No. 880–00451.**
**Adv. No. 880–0261.**

United States Bankruptcy Court,
E. D. New York.

Feb. 19, 1981.

Levine & Poznansky, New York City, for plaintiff.

Jules V. Speciner, Great Neck, N. Y., for defendant.

C. ALBERT PARENTE, Bankruptcy Judge.

Marjorie Bishop (hereafter "petitioner") commenced an adversary proceeding against Martin Greenblatt (hereafter "debtor") on April 24, 1980, seeking an order determining the petitioner's claim against the debtor nondischargeable pursuant to 11 U.S.C. Section 523. A motion for summary judgment was filed by the petitioner on May 27, 1980, predicated on the verdict and judgment rendered by the Supreme Court,

Nassau County, on June 1, 1979. A hearing was held on August 21, 1980.

The finding of facts relevant to the resolution of the issue presented follows:

(1) The debtor filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on January 30, 1980.

(2) The petitioner is listed on the debtor's schedules as a holder of an unsecured claim in the sum of $141,875.00.

(3) The petitioner commenced an action in the Supreme Court, Nassau County, against the debtor, the debtor's wife, McNeely Investors Corp., Pine Top Houses, Inc., and Pine Top Estates, Inc. on December 2, 1977.

(4) The petitioner sued the defendants named in the state court action for the fraudulent taking and dissipating of monies in excess of $200,000.00 which were entrusted to the defendants by the petitioner. Specifically, the petitioner's action was for fraud, breach of trust, breach of an obligation to account for and permit funds, an accounting, and other equitable relief.

(5) An eleven day jury trial was commenced on March 22, 1979.

(6) On April 6, 1979, the jury rendered its verdict finding that the debtor, McNeely Investors, Pine Top Homes, Inc., and Pine Top Estates, Inc. had defrauded the petitioner. However, the jury assessed damages only against the debtor.

(7) Judgment was entered in the Office of the Clerk of the County of Nassau on June 1, 1979.

(8) The petitioner appealed from the state court judgment with respect to the trial court's dismissal of all causes of action against Sylvia Greenblatt, the dismissal of all causes of action and claims for equitable relief, and the jury's failure to assess damages against the corporate defendant.

(9) The debtor did not appeal from any portion of the judgment.

(10) The petitioner commenced an adversary proceeding on May 27, 1980, seeking an order determining her claim nondischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A), (a)(4), and (a)(6).

(11) On June 9, 1980, this Court entered an order vacating the automatic stay so as to permit the petitioner to perfect and pursue the appeal filed.

(12) On November 10, 1980, the Appellate Division, Second Department, affirmed the judgment entered by the Supreme Court.

The aforementioned findings of fact give rise to the following issue: Should summary judgment be granted to the petitioner predicated on the state court judgment against the debtor entered on June 1, 1979.

■ Summary judgment may be granted for a proponent upon a clear showing that there are no genuine issues of material facts and that a formal trial would be needless. *See*: 6 Moore's Federal Practice, Section 56.15(1); *In re Georgia Jewelers, Inc.*, 219 F.Supp. 386 (N.D.Ga.1962).

■ A state court judgment is not *res judicata* on the issue of whether a debt is nondischargeable under the Bankruptcy Act. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Evans*, 1 B.R. 229 (Bkrtcy.S.D.Fla.1979).

However, a state court judgment may be estopped by judgment as to the factual elements which are essential to the determination of whether a debt is dischargeable in bankruptcy. *Brown v. Felsen, supra; In re Evans, supra; In re Manitta*, 1 B.R. 393 (Bkrtcy.C.D.Cal.1979); *In re Allen*, 3 B.R. 355 (Bkrtcy.W.D.N.Y.1980); *In re Ross*, 602 F.2d 604 (3rd Cir. 1979).

■ Therefore, summary judgment may be granted where the state court judgment establishes each of the essential elements which must be proven under the Bankruptcy Act in order for the court to exempt a debt from discharge. If the state court judgment does establish each of the elements essential to deny a discharge, then the debtor is estopped by the state court judgment from relitigating those facts. *In re Evans, supra; In re Manitta, supra.*

The aforementioned principles of law apply to cases filed under the Bankruptcy Code. *In re Williams*, 3 B.R. 401, 1 C.B.

C.2d 1086 (Bkrtcy.N.D.Ga.1980); *In re Esk-enazi,* 6 B.R. 366, 3 C.B.C.2d 20 (Bkrtcy. App. 9th Cir. 1980).

■ In the case at bar, the state court judge charged the jury that in order for the petitioner to prevail on her claim against any or all of the defendants, including the debtor, the plaintiff must prove by a fair preponderance of the believable evidence the following elements:

(1) that any or all of the defendants, including the debtor, made a representation of fact to the moving party;

(2) that said representation of fact was false;

(3) that any or all of the defendants intended to deceive the plaintiff;

(4) that petitioner relied upon the false representation; and

(5) that the petitioner suffered pecuniary loss.

The state court judge further charged the jury that as to the intent element, a false statement is made with intent to deceive if it is made with knowledge that the statement is false.

The jury returned a verdict that the petitioner had been defrauded by the debtor and the corporate defendants and assessed the sum of $125,000.00 as damages only against the debtor.

To determine whether the debtor is estopped from relitigating the factual elements which must be established under Section 523, requires the Court to compare the factual elements to be proven under Section 523 with the jury verdict in the state court action.

■ For a debt to be nondischargeable under Section 523(a)(2)(A), the following facts must be established by the creditor:

(1) the debtor made representations of fact to the creditor;

(2) said representations were false;

(3) the debtor knowingly and fraudulently made said misrepresentations. The debtor's act must involve moral turpitude or intentional wrong. Fraud implied in law which may exist without imputation of bad faith or immorality is insufficient.

(4) the petitioner relied on the misrepresentations to her detriment.

*Neal v. Clark,* 95 U.S. 702, 24 L.Ed. 586 (1887); *In re Miller,* 5 B.R. 424, 2 C.B.C.2d 849 (Bkrtcy.W.D.La.1980); *In re Ashley,* 5 B.R. 262, 2 C.B.C.2d 949 (Bkrtcy.E.D.Tenn. 1980).

The jury verdict rendered in the state court action presents a classic case of a liability incurred by false pretenses or false representations under Section 523(a)(2)(A) of the Bankruptcy Code. The debtor has failed to raise any triable issue of fact not previously disposed of in the state court proceedings. Therefore, premised on the rationale of *Brown v. Felsen, supra,* and the aforementioned precepts of law, the petitioner's motion for summary judgment is granted with respect to her Section 523(a)(2)(A) cause of action.

Having granted the petitioner's motion for summary judgment on her Section 523(a)(2)(A) cause of action, the Court finds it unnecessary to determine if summary judgment should be granted with respect to the moving party's Section 523(a)(4) or Section 523(a)(6) causes of action.

Settle judgment.