In re Edward J. LONGO, Debtor.

Arthur J. MORIN, Jr., Plaintiff,

v.

Edward J. LONGO, Defendant.

Bankruptcy No. 81–01986–JG.
Adv. No. A82–1379.

United States Bankruptcy Court,
D. Massachusetts.

March 21, 1984.

Stephen G. Viegas, Reading, Mass., for plaintiff.

William G. Mueller, Jr., Danvers, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The Plaintiff's Complaint seeks a determination of nondischargeability pursuant to 11 U.S.C. Section 523(a)(6) of a judgment Plaintiff Morin obtained against the debtor Longo in the District Court Department, Fourth Eastern Middlesex Division in the amount of Eleven Thousand Eight Hundred and Ninety dollars ($11,890). The state court judgment, based on violations of Mass.Gen.Laws Chapter 93A Section 2 (unfair and deceptive trade practices), was granted upon allowance of plaintiff's Motion for Judgment on the pleadings. The Plaintiff's Complaint incorporates the allegation that the defendant's violations of state law constituted willful and malicious

injury so as to render the debt nondischargeable. The state court Complaint alleges that Morin hired Longo to do electrical work for a certain price, that Longo subsequently increased the price without agreement, that Longo's agent caused damage to Morin's premises, and that Longo breached the contract by failing to install smoke detectors. The defendant's Answer disputes the nondischargeability of the debt, asserts that the controversy is merely a contract dispute, contends that the damage done by Longo's workman was accidental, and counterclaims against Morin, seeking Seven Hundred and Twenty-Two dollars ($722) in damages for additional work performed and materials supplied over the contract price.

At trial, the plaintiff called no witnesses, confining his case to introduction of the following documents: the state court judgment, which indicates that after trial a Motion for Judgment on the pleadings was allowed, the district court's findings, which assesses total damages including treble damages against Longo in the amount of Eleven Thousand Eight Hundred and Ninety dollars ($11,890), docket entries summarizing the pleadings, and the state court complaint (previously summarized infra). The plaintiff rested after introducing these documents. No stenographic record or transcript of the state court trial was offered into evidence. The debtor introduced into evidence an estimate by Longo to Morin for electrical work in the amount of One Thousand Nine Hundred Seventy ($1,970), and a two page bill for Seven Hundred Twenty-Two dollars and Twenty Five cents ($722.25) for additional work. The defendant rested after introduction of these documents.

Because neither party offered testimony, the Court ordered the parties to submit an agreed statement of facts and briefs within 30 days, by April 29, 1983. Neither the agreed statement nor briefs were filed as of December 22, 1983, at which time the Court informed the parties that the required pleadings had not been filed. In February, 1984 the briefs and agreed statement still had not been filed, and the Court took the matter out from under advisement.

The issue presented is whether the plaintiff sustained his burden of proof in demonstrating that the debt to Morin arose out of Longo's willful and malicious injury to Morin or his property.

11 U.S.C. Section 523(a)(6) provides in pertinent part: "A discharge ... does not discharge an individual debtor from any debt—... for willful and malicious injury by the debtor to another entity or to the property of another entity;".

In relying totally on the state court judgment, findings, docket, and complaint, the plaintiff has failed to sustain its burden of demonstrating willful and malicious injury. It is firmly established that in determining nondischargeability of a debt the Bankruptcy Court is not required to give conclusive effect to a state court judgment. *Brown v. Felson,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Although the *Brown* decision left open the question whether the doctrine of collateral estoppel would bar relitigation of issues, 442 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10, a determination of the question is unnecessary in this case because in order to give collateral estoppel effect to the state court judgment, all the relevant issues in the subsequent proceeding must have been actually litigated and determined in the prior proceeding. *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 58 (2d Cir.1971); *1 B Moore's Federal Practice,* Par. 0.444(2), at 405.

The elements of a Ch. 93A case under Massachusetts law are different from the elements of a Section 523(a)(6) action to determine nondischargeability as the latter requires proof of knowledge and intent. A violation of Ch. 93A may lack characteristics of misconduct necessary to support a finding of nondischargeability for willful and malicious injury. *Commonwealth v. Hale,* 618 F.2d 143, 147· (1st Cir.1980). A finding of Ch. 93A violations cannot bind the bankruptcy court on the issue of nondischargeability for willful and malicious injuries. *Id. at 147.*

**902**

In the present case, where the state court record is devoid of any allegations or findings which would warrant a conclusion that the state court made a finding that the injury was willful and malicious, the Court will refuse to hold that the state court record establishes the elements of a case under Section 523(a)(6). The plaintiff has elected to rely exclusively on a record which does not support a finding of nondischargeability, and he has failed to sustain his burden of proving willful and malicious injury. The defendant has introduced no evidence to support his entitlement to funds for extra work as alleged in his counterclaim.

Judgment shall enter for the Defendant Debtor on Plaintiff's Complaint, and for the Plaintiff/Defendant-in-counterclaim.