In re Benjamin H. JENKINS, Debtor.

John DANIEL, Plaintiff,

v.

Benjamin H. JENKINS, Defendant.

Bankruptcy No. N86–30106–WHD.
Adv. No. 86–0012N.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Feb. 20, 1987.

W.G. Scrantom, Jr., Richard E. Flowers, Page, Scrantom, Harris & Chapman, P.C., Columbus, Ga., for plaintiff.

George C. Rosenzweig, Newnan, Ga., for defendant.

### ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court on plaintiff's motion for summary judgment filed December 2, 1986. Plaintiff, John Daniel, seeks summary judgment on his complaint filed May 9, 1986, seeking to deny dischargeability of a judgment claim against the debtor, Benjamin H. Jenkins. Plaintiff received a judgment against defendant in June 1985 for compensatory and punitive damages for malicious prosecution and libel and slander. Plaintiff seeks summary judgment on the grounds that there is no genuine issue of fact as to nondischargeability of the debt under 11 U.S.C. § 523. Specifically, plaintiff contends that there is no issue of fact as to nondischargeability under 11 U.S.C. § 523(a)(6) which provides that a debt for "willful and malicious injury by the debtor" is nondischargeable. Plaintiff alleges that malice and willfulness were necessarily found by the jury in its finding that the defendant was guilty of malicious prosecution and libel and slander and that defendant is thus collaterally estopped from relitigating those issues. In opposition, defendant contends that the jury's verdict does not mean that there was *necessarily* a finding of malice and plaintiff's motion for summary judgment should be denied.

■ For a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the creditor must show by clear and convincing evidence that the debt is for a "willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). *In re Wright,* 57 B.R. 961

(Bankr.N.D.Ga.1986). A prior state judgment may have collateral estoppel effect in a nondischargeability proceeding. *In re D'Annolfo,* 54 B.R. 887 (Bankr.D.Mass. 1985). In order for collateral estoppel to apply, it is necessary that the issue in question was actually litigated in the prior suit and was necessary to the judgment in that suit. *Wright,* 57 B.R. at 964. Thus, the plaintiff in this case is required to show by clear and convincing evidence that it was decided in the state court that defendant acted willfully and maliciously in injuring the plaintiff. This Court finds that the plaintiff has not met that burden of proof.

 Although malice is an element in both malicious prosecution and libel and slander under O.C.G.A. §§ 51–7–40, 51–5–2, the record shows that the jury in this case did not *necessarily* make a factual finding that the defendant acted maliciously. As indicated by the record, the jury was charged that malice may be *inferred* and that malice may consist of a "general disregard of the right consideration of mankind." Thus, it is possible that the jury's verdict was based on a recklessness standard. Although reckless disregard for the truth or falsity of a statement may support a libel verdict, it is not a willful and malicious injury for purposes of § 523(a)(6). *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986). Thus, for plaintiff's judgment debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the jury *must* have based its verdict on a finding of *malice* and *willfulness.* As in *Wheeler,* this Court finds that "neither the pleadings nor the general verdict reflects that the issue of willfulness and maliciousness was actually litigated and necessary to the verdict." *Id.* at 615.

It also does not appear that a finding of willfulness and maliciousness was necessary to the award of punitive damages, since the jury was charged that it could award such damages if the circumstances showed "an entire want of care, and an indifference to consequences." Since it is not clear that the issues of malice and willfulness were actually litigated, this Court further finds that collateral estoppel does not bar relitigation of them. As plaintiff has not demonstrated that there are no genuine issues of material fact as required for a summary judgment motion under Fed.R.Civ.P. 56, incorporated by Bankruptcy Rule 7056, this Court orders that the plaintiff's motion for summary judgment is DENIED.

Although the elements of willfulness and maliciousness were not necessarily found by the state court, it appears that the facts were fully litigated in the Superior Court of Coweta County. Therefore, it does not appear that an evidentiary hearing will be necessary in this case. Instead, the Court will decide this case based on the state court transcript, with due consideration given to the result reached by the jury. The parties shall submit the transcript and briefs with arguments based on the transcript within thirty (30) days from the date of this Order.

Finally, this Court agrees with the defendant that there are other stages in these proceedings more appropriate for the plaintiff to raise the issue of his status as a secured creditor. Accordingly, this Court orders that plaintiff's motion for summary judgment as to his status as a secured creditor is DENIED.