In re Barry Stephen YANKS, Debtor.

Martha HOSKINS as personal representative of the Estate of Eddie H. Hoskins, Deceased Plaintiff,

v.

Barry Stephen YANKS, Defendant.

Bankruptcy No. 88–03050–BKC–SMW.

Adv. No. 88–0526–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 12, 1989.

Joel V. Lumer, Miami, Fla., for plaintiff.

Ana Hernandez–Yanks, Miami, Fla., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Martha H. Hoskins, as the executrix of the estate of Eddie H. Hoskins (the "creditor") against Barry Stephen Yanks (the "debtor") to determine the dischargeability of a debt, pursuant to 11 U.S.C. § 523(a)(6), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Facts and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a, b) and § 1334 and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In June 1973 the debtor wrote a formal complaint against the creditor to the Florida Insurance Commissioner. As a result of the debtor's letter, the creditor sued the debtor for libel and defamation of character. *Hoskins v. Yanks,* Case No. 73–14594–Civ–Nathan. The creditor alleged in the state court complaint that the allegations made against him by the debtor were made "maliciously and with the intention of harming Mr. Hoskins." Alternatively, the state court complaint alleged that the publication "was made without malice, but did state that the decedent had committed a criminal act and therefore malice and damages are deemed to exist as a matter of law." After a jury trial the court entered a judgment in favor of the creditor in the amount of $20,000.00 punitive damages.

The creditor brings this action, pursuant to 11 U.S.C. § 523(a)(6), seeking to exempt from discharge the state court judgment based on the debtor's "willful and malicious injury ... to another entity or to the property of another entity." The creditor argues that the bankruptcy court should apply collateral estoppel in order to prevent the relitigation of the issues already decided by the state court. Accordingly, the creditor introduced into evidence the Jury Verdict Form (the "Verdict"), the Amended Complaint (the "Complaint"), the letter to the Florida Insurance Commissioner and relied solely on these documents as proof that the debtor's actions were "willful and malicious."

In order for the doctrine of collateral estoppel to apply in a bankruptcy proceeding three elements must be present:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation; and

(3) A determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*Miller v. Held (In re* Held), 734 F.2d 628, 629 (11th Cir.1984). Therefore, in order for the Court to apply collateral estoppel it must find that the state court verdict was based upon a finding of "malice and willfulness" on behalf of the debtor. *Daniel v. Jenkins (In re Jenkins* ), 70 B.R. 408, 409 (Bankr.N.D.Ga.1987). However, based upon the state court complaint and verdict submitted, this Court cannot determine whether the issue of "malice and willfulness" was actually litigated or a critical and necessary part of the state court verdict in order for collateral estoppel to apply. The state court verdict does not make a finding of "willful and malicious" conduct on the part of the debtor, therefore, the state court judgment may have been based on a finding of reckless disregard for the truth. Reckless acts are insufficient to satisfy the test under 11 U.S.C. § 523(a)(6). *Thompson v. Durrance (In re Durrance* ), 84 B.R. 238 (Bankr.M.D.Fla.1988); *See also In re Jenkins,* 70 B.R. at 409; *In re Wright,* 57 B.R. 961 (Bankr.N.D.Ga.1986). Furthermore, an award of punitive damages is not evidence that the court's finding was based on willfulness or malice. *In re Held,* 734 F.2d 628 (11th Cir.1984). Accordingly, the Court finds that the elements necessary to apply collateral estoppel have not been met by the creditor and, therefore, the doctrine of collateral estoppel will not be applied.

 Additionally, the Court finds that the creditor failed to present any additional evidence from which the Court could make an independent finding that the debtor's conduct was "willful and malicious" under 11 U.S.C. § 523(a)(6). Therefore, based upon the foregoing facts, this Court finds that the state court judgment is dischargeable under 11 U.S.C. § 523(a)(6).

A separate Final Judgment of even date has been entered in conformity herewith.