In re Barry Stephen YANKS, Debtor.

Martha HOSKINS, as personal representative of the Estate of Eddie H. Hoskins, deceased, Appellant,

v.

Barry S. YANKS, Appellee.

No. 89–0274.

United States District Court, S.D. Florida, Miami Division.

May 31, 1989.

**596**

Joel V. Lumer, Miami, Fla., for appellant.

Ana Hernandez–Yanks, Miami, Fla., for appellee.

### ORDER REMANDING CASE TO BANKRUPTCY COURT

NESBITT, District Judge.

This cause is before the Court on an appeal from a decision of the United States Bankruptcy Court for the Southern District of Florida granting discharge of a debt owed by Appellee/Debtor Barry Stephen Yanks to Appellant Martha Hoskins, 95 B.R. 234 (1989). This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

In 1975, Hoskins' late husband sued Yanks in Florida state court for defamation. The amended complaint alleged that Yanks had maliciously published a defamatory statement about Mr. Hoskins, or, in the alternative, that malice was implied by law because Yanks had stated that Mr. Hoskins committed a criminal act. A jury returned a verdict in favor of Hoskins and awarded zero dollars in compensatory damages and $20,000 in punitive damages. Yanks later filed a petition in bankruptcy, and sought to have his debts discharged. Hoskins objected to the discharge, citing § 523(a)(6) of the Bankruptcy Code, which provides that a debt "for willful and malicious injury to another" is not subject to discharge. 11 U.S.C. § 523(a)(6). Hoskins argued that the bankruptcy court should accord collateral estoppel effect to the findings in the defamation litigation and find the debt non-dischargeable.

The bankruptcy court determined that the state court findings were not entitled to collateral estoppel effect because "the state court judgment may have been based on a finding of reckless disregard for the truth" instead of on malice. Findings of Fact and Conclusions of Law at 3. Hoskins argues on appeal that the bankruptcy court's conclusion is wrong as a matter of law for several reasons. She asserts that under Florida law in 1975, an award of punitive damages could be based only on a finding of malice, not on reckless disregard for the truth. *See Saunders Hardware Five and Ten, Inc. v. Low*, 307 So.2d 893, 894 (Fla. 3d DCA 1974), *cert. denied*, 330 So.2d 21 (Fla.1976). She also argues that the amended complaint did not attempt to allege a cause of action for defamation based on reckless disregard, but instead relied on the alternative grounds of actual malice or malice implied by law. Finally, Hoskins contends that the United States Court of Appeals for the Eleventh Circuit has held that reckless disregard *can* satisfy the "malicious" requirement of § 523(a)(6). *See Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir. 1988).

The Court finds only the final argument persuasive. The bankruptcy court reviewed only the amended complaint, the verdict form, and the defamatory letter. Without examining the jury instructions from the state court case, it is impossible to determine whether the award of punitive damages could have been based on Yanks' reckless disregard of the truth. Under Florida law, it is possible that a reckless disregard instruction could have been given. *See Brown v. Fawcett Pub., Inc.*, 196 So.2d 465, 473 (Fla. 2d DCA 1967), *cert. denied*, 201 So.2d 557 (Fla.1967) (punitive damages can be based on ill will, hostile

attitude, intent to injure, or callous disregard); *Matthews v. Deland State Bank,* 334 So.2d 164, 166 (Fla. 1st DCA 1976) (upholding punitive damages where libel *per se* based on disregard for the truth). Furthermore, the bare allegations of the complaint do not assist the Court in determining exactly how the jury was instructed on the law. The Court notes that Hoskins introduced the portions of the state court record that the bankruptcy court reviewed and that Hoskins did *not* introduce the jury instructions.

Under *Rebhan,* however, as Hoskins notes, the Eleventh Circuit adopted the view that "Congress did not intent [sic] to disturb the application of reckless disregard to the malice requirement" in § 523(a)(6) cases. *Rebhan,* 842 F.2d at 1263. Although not done expressly, the *Rebhan* decision seems to cast doubt on the continuing validity of the single case on which the bankruptcy court relied, *Miller v. Held (In re Held),* 734 F.2d 628 (11th Cir.1984) ("A finding of recklessness does not resolve the § 523(a)(6) inquiry"). Under the *Rebhan* analysis, the state court verdict would preclude relitigation of the willful and malicious nature of Yanks' statement because the verdict represents a finding that the statement was deliberate or intentional (willful) and made either with malice or with reckless disregard for the truth (malicious).

The fact that the bankruptcy court erred on the question of reckless disregard, however, does not compel a finding that its ruling on collateral estoppel was incorrect. In this case, the bankruptcy court reached the right conclusion for the wrong reason. The state court verdict is not entitled to collateral estoppel effect in the discharge proceeding because the standard of proof applied in state court is lower than that required in the bankruptcy court.

The Eleventh Circuit noted in *Rebhan,* "There is no question but that the party seeking to except a debt from discharge must prove the willfulness and maliciousness of the act by clear and convincing evidence." *Rebhan, id.* at 1262. *But see Combs v. Richardson,* 838 F.2d 112, 116 (4th Cir.1988) (creditors must prove willfulness and maliciousness by a preponderance of the evidence). Hoskins admits that the standard of proof in a civil action for defamation in Florida is a preponderance of the evidence. Unless the state court used the same standard of proof as the Eleventh Circuit requires, the state court's findings cannot preclude relitigation of the issue in the bankruptcy court. *Swartz v. Renville Farmers Co-op Credit Union,* 44 B.R. 266, 269 (D.Minn.1984); *Aetna Cas. & Surety Co. v. Freeman (In re Freeman),* 68 B.R. 904, 909 (Bankr.M.D.Pa.1987); *Moorehead v. Peoni (In re Peoni),* 67 B.R. 288, 291 (Bankr.S.D.Ind.1986); *Sutherland v. Brown (In re Brown),* 66 B.R. 13, 16 (Bankr.D.Utah 1986); *Global Plastics Inc. v. Hauser (In re Hauser),* 72 B.R. 165, 166 (Bankr.D.Minn.1985); *Henderson v. D'Annolfo (In re D'Annolfo),* 54 B.R. 887, 889 (Bankr.D.Mass 1985); *Manning v. Ianelli (In re Ianelli),* 12 B.R. 561, 564 (Bankr.S.D.N.Y.1981); *contra Haile v. McDonald (In re McDonald),* 73 B.R. 877, 881–82 (Bankr.N.D.Tex.1987); *Henson v. Garner (In re Garner),* 73 B.R. 26, 29 (Bankr.W.D.Mo.1987); *Dodson v. Church (In re Church),* 69 B.R. 425, 431 (Bankr.N.D.Tex. 1987). Therefore, the bankruptcy court was correct in declining to accord collateral estoppel effect to the state court findings.

The court recognizes that the Eleventh Circuit has approved application of collateral estoppel to a prior court's determination of willfulness and malice without discussing the different standards of proof. *See Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163 (11th Cir.1987). The Court does not read *Latch,* as Hoskins does, to stand for the proposition that the standard of proof is irrelevant to the issue of collateral estoppel. Rather, the Court declines to read such a conclusion into an opinion in which the issue is not even addressed. In addition, the evidence in the prior action in that case was found to be unambiguous and "clear beyond cavil." *Id.* at 1166. Even though the court did not discuss the burden of proof, the court implicitly found the evidence to have met the clear and convincing standard. Nevertheless, because the standard of proof was not

at issue in *Latch,* the Court finds that the case is not on point.

Finally, the Court rejects Hoskins' policy argument that the uniformity envisioned by the federal bankruptcy laws will be defeated if only the judgments of some state courts (those applying a clear and convincing standard) are entitled to collateral estoppel effect while the judgments of a majority of states (applying a preponderance of the evidence standard) are not. *See In re Church,* 69 B.R. at 431. In this circuit, clear and convincing evidence is required under § 523(a)(6) for a creditor to prevail on a dischargeability challenge and thereby deny a debtor the "fresh start" intended by the bankruptcy laws. If a judgment based only on a preponderance of the evidence is used to preempt litigation of the dischargeability issue in the bankruptcy court, the debtor is being short-changed. The debtor is entitled to an independent determination by the bankruptcy court of the question of willfulness and malice under the clear and convincing standard before discharge can be denied to the debtor.

The Court therefore concludes that the state court judgment is not entitled to collateral estoppel effect on the § 523(a)(6) issue. The Court also finds, however, that the bankruptcy court failed to make an independent determination of the issue. The bankruptcy court expressly stated that it had insufficient evidence "from which the Court could make an independent finding that the debtor's conduct was 'willful and malicious' under 11 U.S.C. § 523(a)(6)." It is well-established that the bankruptcy court should examine the entire record in determining the dischargeability of a judgment. *In re Latch,* 820 F.2d at 1166.

For the above-stated reasons, it is hereby

ORDERED and ADJUDGED that this case is remanded to the bankruptcy court for additional findings of fact in conformance with this Order.

DONE and ORDERED.