In re Raphael LICHTER,
Debtor.

QUALITY POOLS, Plaintiff,

v.

Ralph LICHTER, Defendant.

Bankruptcy No. 89–40025–COL.

Adv. No. 89–4036–COL.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

July 27, 1989.

James A. Elkins, Jr., Columbus, Ga., for plaintiff.

David A. Clark, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On June 7, 1989, a pre-trial conference was held on Quality Pools' (hereinafter "Plaintiff") complaint to determine dischargeability of debt under § 523(a)(4) and (6) of the Bankruptcy Code.[1] After hearing argument of counsel, the court invited both parties to submit briefs on the issue of whether collateral estoppel would apply to a default judgment in the State Court in a dischargeability action under § 523(a)(4) and (6) of the Bankruptcy Code.[2] This court, having considered the arguments and briefs of counsel, now renders this Memorandum Opinion.

The Plaintiff filed a complaint against the Debtor in the Municipal Court of Columbus on March 9, 1987. Plaintiff is a creditor of the Debtor, having obtained a judgment against the Debtor on January 12, 1988. The Debtor, Raphael Lichter, also known as Ralph Lichter, filed his Chapter 7 bankruptcy petition on January 9, 1989.

Plaintiff contends that the state court default judgment should be given issue preclusion effect in the instant dischargeability action under § 523(a)(4) and (6) of the Bankruptcy Code.[3] Plaintiff has cited to this court numerous cases which it alleges support its contention.

The court feels that a fundamental issue has not been addressed by either the Plaintiff or by the Debtor. This issue is the difference in the burden of proof in a dischargeability action in the Bankruptcy Court and a civil suit in State Court. In actions under § 523 of the Bankruptcy Code,[4] the burden of proof is clear and convincing. *In re Hunter,* 780 F.2d 1577 (11th Cir.1986). However, in a civil suit in the Georgia state court, the burden of proof is preponderance of the evidence. Therefore, the burden of proof is much greater in the Bankruptcy Court when dischargeability actions under § 523 of the Bankruptcy Code[5] are involved. Collateral

1. 11 U.S.C.A. § 523(a)(4), (6) (West 1979 & Supp.1989).

2. 11 U.S.C.A. § 523(a)(4), (6) (West 1979 & Supp.1989).

3. 11 U.S.C.A. § 523(a)(4), (6) (West 1979 & Supp.1989).

4. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).

5. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).

estoppel is held not applicable in cases where the burden of proof under § 523 of the Bankruptcy Code [6] is clear and convincing, and the state court judgment against the Debtor was by a preponderance of the evidence. B. Russell, Bankruptcy Evidence Manual § 6(3) (1987). See also *In re Billings,* 94 B.R. 803 (Bankr.E.D.N.Y.1989); *In re Weitzel,* 72 B.R. 253 (Bankr.N.D.Ohio 1987); *In re Wintrow,* 57 B.R. 695 (Bankr. S.D.Ohio 1986); *In re D'Annolfo,* 54 B.R. 887 (Bankr.D.Mass.1985).

Accordingly, this court holds that the default judgment entered against the Debtor in the Municipal Court of Columbus, Georgia, will not be given issue preclusion effect under the doctrine of collateral estoppel in the instant dischargeability action under § 523 of the Bankruptcy Code.[7]

---

6. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).

7. 11 U.S.C.A. § 523 (West 1979 & Supp.1989).