In re Thomas Earl DAVIS, a/k/a Thomas E. Davis, a/k/a T.E. Davis, SSN: 260–64–1030 Debtor.

UNITED STATES of America, Plaintiff,

v.

Thomas Earl DAVIS, Defendant.

Bankruptcy No. 89–10371–ALB.
Adv. No. 89–1041–ALB.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

March 16, 1990.

Adrianne C. Rogers, Sp. Asst. U.S. Atty., U.S. Small Business Admin., Atlanta, Ga.

Ronnie Joe Lane, Donalsonville, Ga.

Walter W. Kelley, Albany, Ga., Chapter 12 Trustee.

Mark W. Roadarmel, Staff Atty., Office of U.S. Trustee, Macon, Ga.

MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The matter before this court is a Motion for Summary Judgment pursuant to Bankruptcy Rule 7056[1] brought by the United States of America by and through its agency, the United States Small Business Administration (hereinafter "Plaintiff") against Thomas Earl Davis (hereinafter "Defendant"). Plaintiff's Motion for Summary Judgment came on for hearing on February 16, 1990. After hearing argument of counsel, this court took under advisement the issue of whether the burden of proof in 42 U.S.C.A. § 5157[2] is clear and convincing. Plaintiff filed its brief on February 27, 1990. No brief was filed by Defendant. This court, having considered the arguments of counsel and brief of Plaintiff, hereby denies Plaintiff's Motion for Summary Judgment.

On September 28, 1989, Plaintiff filed a complaint to determine dischargeability of debt pursuant to § 523(a)(2)(A) and/or § 523(a)(6) of the Bankruptcy Code.[3] Defendant filed his answer to the above complaint on October 30, 1989. Plaintiff filed an amendment to its complaint alleging

1. R.Bankr.P. 7056

2. 42 U.S.C.A. § 5157 (West Supp.1989).

3. 11 U.S.C.A. § 523(a)(2)(A) (West Supp.1989).
   11 U.S.C.A. § 523(a)(6) (West Supp.1989).

that the judgment in *United States v. Davis*, 809 F.2d 1509 (11th Cir.1987) is *res judicata* and that the Defendant is collaterally estopped from relitigating the factual issue of his intent. Plaintiff then filed its Motion for Summary Judgment based upon the amended complaint.

■ The burden of proof in a complaint to determine dischargeability pursuant to § 523(a)(6) and § 523(a)(2)(A) of the Bankruptcy Code is upon the creditor, and that burden is clear and convincing. *In re Ikner*, 883 F.2d 986 (11th Cir.1989); *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). Plaintiff's Motion for Summary Judgment is based upon a judgment for Plaintiff against the Defendant in the United States District Court for the Middle District of Georgia pursuant to 42 U.S.C.A. § 5157. The court invited both parties to submit briefs as to whether the burden of proof in 42 U.S.C.A. § 5157 was at least clear and convincing. Plaintiff's brief filed on February 27, 1990, does not address this issue on the burden of proof.

■ This court has previously held that in a dischargeability proceeding issue preclusion under the doctrine of collateral estoppel will not be given effect where the burden of proof in the underlying judgment is not at least clear and convincing. *In re Lichter*, 104 B.R. 521 (Bankr.M.D.Ga.1989). Plaintiff seeks to have its judgment against Defendant in *United States v. Davis* given issue preclusion effect under the doctrine of collateral estoppel. The burden of proof in a civil suit is preponderance of the evidence. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387–91, 103 S.Ct. 683, 690–92, 74 L.Ed.2d 548 (1983). Since Plaintiff's judgment in the underlying case of *United States v. Davis* was based on a civil statute,[4] the burden of proof is less than the clear and convincing standard required in a dischargeability proceeding under the Bankruptcy Code. Therefore, this court denies Plaintiff's Motion for Summary Judgment.

---

4. 42 U.S.C.A. § 5157 (West Supp.1989).